UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


ERIC KELLEY (PLAINTIFF)                    #_____

   v.

SHERIFF DiPAULO
SUPERINTENDENT NORTON
BILLERICA HOC LEGAL DEPT.
COMMISSIONER OF THE MASSACHUSETTS BOARD OF HEALTH
COMMISSIONER OF PUBLIC SAFETY
BILLERICA BOARD OF HEALTH

### JURISDICTION

This complaint is pursuant to USC 1983 and all rules, statutes, mandates defined under the U.S. Constitution and all applicable Rules of Civil Procedure.

### Parties

1) **ERIC KELLEY IS AT ALL TIMES THE PLAINTIFF** AT THE TIME OF THIS COMPLAINT IN THE CARE & CUSTODY OF THE MIDDLESEX H.O.C. (DEFENDANTS).

2) **Dipaulo** is the Sheriff of the Jail, He & **Superintendent Norton** are responsable for the care, custody and overall running of the institution.

3) **THE BOARD OF HEALTH & PUBLIC SAFETY COMMISSIONERS** ARE AT ALL TIMES **DEFENDANTS**, WHO REFUSE TO COMPLY WITH STATE AND FEDERAL LAWS GOVERNING JAILS SAFETY, SANITATION AND LIVING REGULATIONS..

KELLEY

## STATEMENT OF FACTS

4) On or about August 14th. 2003 the plaintiff plead, unopposed to a probation violation in Lowell Superior Court. The plaintiff was given a (2) two year sentence to the Billerica House of Correction.

5) Upon arrival the plaintiff was given only (2) two each; sox, underwear, Tee shirt and a small "Ditty Bag" of cosmetics that would last a few days.

**CAUSE OF ACTION:**
"prisoners are entitled to clothing that is at least minimally adequate for the conditions under which they are confined" See; Knop V. Johnson 667 F.Supp. 467,-477 (1987)
Also; Smith V. Bland, 856 F2d. 196 (1988)

6) The Billerica H.O.C. is now the oldest jail being used in the state of Massachusetts. Although they contend that they (the defendants) are building a new jail, this does not nullify the current "Cruel and Unusual" conditions of confinement the plaintiff (and countless inmates undergo).

6a) The conditions of confinement that violate state and federal mandates and health codes, but not limited to;
    b) Shelter
    c) Crowding
    d) Furnishings
    e) ventilation & heating
    f) lighting
    g) hazzards
    h) hygiene (indigent) see; #5.
    i) medical care
    j) mental health
    k) dental
    l) Access to courts
    m) Segrgation
    n) racial discrimination (classification/staff)
    o) Sexual Predators.

KELLEY

7) The shelter & conditions of confinement at the defendants jail, are frowned on by the courts. The old, out-dated (crumbling jail) is likened to the worst of the worst in Massachusetts modern day history. Jails like the "Old Charles St." "Salem Jail" "Lawerance Jail" have all been sucessfully litigated against and were of the same conditions as the defendants jail.
    See; Inmates of Suffolk County V. Eisenstadt 360 F.2d. 676.

**Cause of Action**: The defendants jail violate the 8th. Amend. and amount to "unquestioned" basic human needs and the minimal civilized measures of lifes necessities.
    See; Rhodes V. Chapman, 452 U.S. at 347 S.Ct. 2392 (1981)
  Also; Wilson V. Seiter, 501 U.S. 294 111 S.Ct. 2321, 2324

7(a) There are alternative placements and state measures that could relieve plaintiff and others simulated in this. The defendants refuse to spend the immediate (Tax payers) money to rectify current conditions.
    See;    Scott V. Moor 85, F3d. 230.

7(b) the defendants inactions/actions amount to " wanton and unecessary infliction of pain" (without physical injury).
    See: Rhodes & Seiter Above Supra.
    Also; Scher V. Engelke, 943 F.2d. 921, 924 (1981)

7(c) These conditions inflicted by the defendants can cause future health risks, due to the air, chemicals, and oldness of un-addressed abestos.

        See:

Ceilings, abestos (walls), vents (dust/air born). floors, pipes, plumbing, heating system, air ducts, generators, and the water that is not fit for human consumption.
    DELIBERATE INDIFFERENCE COMPONENT:

    Jordan v. Gardner, 986 F2d. 1521, 1528, (1993)
    Morgan V. D.O.C. 824, F2d. 1049,1062 (1987)

KELLEY

8) The plaintiff was/is subjected to double bunking in cells that are smaller then those of any of the former condemned jails in Massachusetts (see fact # 7).

**CAUSE OF ACTION:**
   Tillery v. Owens 907 F2d. at 428.
   La Reau v. Manson 651 F2d. 96, 107-09
In. re; to La Reau, cells larger then the defendants were only allowed to be doubled for 30 days. see **(attachment Ex. room)**

In. re; Rhodes v. Chapman 452, U.S. 337, 101 S.Ct. 2392 (1981) The "amount of space per. inmate" in the defendants jail, violate the Rhodes standard by far. 63 Sq. Foot in Rhodes as compared to 38 Sq. foot in defendants cells. (some even smaller and ALL are double bunked).

8a) For five (5) days straight, the plaintiff was double bunked for 23 hours per. day.
   The Rhodes standard applies to modern facilities in good condition, not pre-historic relics such as the defendants jails.

8(b) Genuine privations and hardship over an extended period of time warrants compensation;
   See; Bell v. Wolfish 441, US 520, 99 S.Ct. 1861

8(c) Budgets and monetary restraints do not justify these overcrowded measures. See: Maroles v. Parole Board of P.R. 887, F2d. 1, 5 (1st. Cir.) " The economic motive of housing more prisoners without providing space" (does not legally cut the mustard).

8(d) the courts have continually found overcrowding unconstitutional when it's linked to safety hazards, and deteriorated physical conditions. See: Hendrix v. Faulkner 525 F.Supp. 435, 532,
   Allegheny v. Wecht, 874 F2d. 147, 154 (1989)
Above Supra; "Cells to small to provide human living conditions"

(pg #4)

Kelley

9) The cell furnishings in the cell(s) that housed the plaintiff and a cell-mate, consisted of leaky, smelly toilets, damaged or electrifiable sockets, dingy, old dirty mattresses. The mechanical cell door did not work, which endangered plaintiffs life is a fire or fight took place.
    See; <u>Carver V. Knox 753 F.2d. 1370, 1389.</u>

10) The ventilation system and heating system that the plaintiff was/is subjected to falls below the human standards of decentcy, the just don't work. The vents are clogged up and filled with caked dust and debris that stiffles the plaintiff and effects his sleeping. The coughing, gagging and sneezing are effects from possible future health conditions.
    See; <u>William V. White 897 F2d. 942-945 (1990)</u>

11) The lighting system in plaintiffs cell (A-23) does not work, the switch is out-dated, the plaintiff had to turn the bulb by hand, which worried him each time that he may be electrocuted.
    See: <u>Ramos V. Lamm. 520 F2d. 1059, 1063</u>

   The power <u>surge</u> in plaintiffs cell left the lighting to dim or to brilliant for reading or for writing purposes.
    See; <u>Touissant v. McCarthy 597, F.Supp. 1388, 1409</u>

12) The toilets in plaintiffs cell were 8 inches from the bed, the other toilets were directly in range of the shower. The smell of defecation while showering was barbaric.
   The water was/is always freezing in the shower area. Cockroaches are ramped in the "New Man" Seg. section, where plaintiff was for many days (with a cell-mate).
   The defendant ▮▮▮▮▮ has failed to maintain (in his official capacity) the free-world standards that the law dictates as to health., nor does he conform to the minimum "Standards Of Health 7 Sanitation" that govern Massachusetts jails and prisons. (known as C.M.r. policies).
   The indigent plaintiff was continually denied soap, and toothpaste.
    See; <u>Hoptowit V. Spellman 753 F2d. at 784</u>
        <u>Carver V. Bunch 946 f2d. 451-452(1991)</u>
    In; <u>Toisssant V. McCarthy</u> (above Supra #11)
The "showers are required to have controlling valves" The defendants showers do not.

(pg # 5)

KELLEY

13) The plaintiff was/is at the time of the complaint being denied adequate medical treatment. The plaintiff has a history of "back Spasms". he informed the Health services upon his medical intact. After being segregated in "new man" the plaintiff was forced to live in a cell **on a top bunk**, or in the alternative go to the disciplinary cell unit.
    The plaintiff wrote ("sick call") forms to the Health Service Unit, but they never produced a doctor to confirm his back condition. The plaintiff is/was and has been in excruciating pain as a result of being forced to climb on the top bunk in a tiny cell with another man. (Plaintiff weighs over 250 pounds).
    The denial of a bottom bunk, and the physical pain as a result violates the "prudent, professional standards dictated by state and federal law.
    See; Fernandez V. U.S. 941, F2d. 1488, 1493.
**CAUSE OF ACTION:**
    The actions of the defendants violate the "Deliberate Indifference" standard for medical care.
    See: Estelle V. Gamble 429 U.S. 97, 104, 97 S.ct.

    The plaintiff needed medical attention while in a cell upon his arrival, there was no way for the officer to hear him, (the tiers and officers bubble in the (SEGREGATION) area are seperated in length. (there is a plexi-glass) partition that makes it impossible for the officers to hear any cry for help.
    Re: LaMaire V. Maass, 745 F.Supp. 623, 636 (1990)


14) The plaintiff has a history of mental health, he takes sleep aid medication, and other psychiatric medication. There is no DAILY on site mental health staff.
    In re: Wellman V. Falkner 715 F2d.
    and; Cody V. Hillard 599 F.Supp. 1044
         Capps V. Atiyeh 559 F.Supp. 894

    There are no mental health programs at the defendants jail. There is no form of on-going treatment.
    See; Ohilinger V. Watson, 652 F2d. 775, 777-79 (1980)
    Also; Young V. Armontrout, 795 F2d. 55,56 (1986)
The plaintiffs mental health needs are being overlooked.

15) The plaintiff submitted numerous request to see the dentist, but all were overlooked. The dental staff only comes once a week, and often doesn't appear then. The plaintiff has been in painful need for dental treatment.
    See; Dean V. Coughlin, 623 F.Supp. at 404

pg. #6

DENIAL OF ACCESS TO THE COURTS
INADEQUATE LAW LIBRARY (Pro Se)
PHOTOCOPIES

16) THE PLAINTIFF HAS THE FOLLOWING LEGAL ISSUES:

   A) HE IS AND HAS THROUGHOUT HIS STAY AT THE DEFENDANTS JAIL A CRIMINAL MATTER IN SUFFOLK SUPERIOR COURT IDENTIFIED AS COMMONWEALTH V. ERIC KELLEY #10726 **WHERE THE PLAINTIFF IS REPRESENTING HIMSELF (Pro Se) IN A ARMED ROBBERY, CARJACKING AND HABITUAL OFFENDER INDICTMENT (CAPITOL CASE).**

16a) THE DEFENDANT HAS ACCESS TO THE LAW LIBRARY APROX. ONCE A MONTH. THIS SMALL (CLOSET) LOCATED IN THE INMATE DINING HALL IS GROSSLY INADEQUATE. IT IS NOT FURNISHED WITH MANDATORY LAW BOOK LIST AS GOVERNED BY USDC OF MASSACHUSETTS, PURSUANT TO: CEPULONIS V. FAIR, 563 F.SUPP. 659, 660 (D.MASS. 1983):

   FEDERAL RULES OF APPEALATE PROCEDURE
   RULES OF SUPREME CT. TITLE 42 § 1981-1985
   US STATE REPORTER (VOL. 361 foward)
   MASS. APPEALS CT. REPORTS
   PRISONER RIGHTS LITIGATION MANUAL
   MASS. DIGEST ANNOTATED
   MASS. PRACTICE VOL. 30

THEY LACK THE PROPER AND/OR TREATISES, FORMS, DICTIONARIES, AND TEXT BOOKS. THE DEFENDANTS ARE IN VIOLATION OF THE APPROVED LISTS BY THE AMERICAN CORRECTIONAL ASSOCIATION, THE AMERICAN BAR ASSOCIATION AND THE STONE V. BOONE RULING No. 73-1083-T (D.MASS. Oct. 1974)

THE IN-HOUSE LEGAL DEPT. ONLY SEEN THE PLAINTIFF ONCE A MONTH, AND CONTINUALLY THWARTED HIS ACCESS TO THE COURTS AND HAMPERED HIS EFFORTS TO REPRESENT HIMSELF.

ACTUAL INJURY (REQUIREMENT MET)
DENIAL OF ACCESS TO COURTS (Fct.)

16b) THE DEFENDANTS REFUSED THE PLAINTIFF PHOTOCOPIES, BREACHED CONFIDENTIALITY AND WAS READING PLAINTIFFS CRIMINAL DRAFTINGS/PLEADINGS.

THE DEFENDANTS REFUSED TO SEND CERTIFIED SUMMONS AND IT RESULTED IN THE CASE (CIVIL) BEING TERMINATED FOR WANT OF PROSECUTION.

16c) THE DEFENDANTS WOULD NOT SEND LEGAL (PRO Se) CRIMINAL DOCUMENTS TO VARIOUS LAWYERS.

THEY HINDERED PLAINTIFFS ABILITY TO FILE CRIMINAL DEFENSE MOTIONS IN A TIMELY MANNER (BECAUSE THE DEFENDANTS ONLY OFFERED COPIES ONCE A MONTH.)

THE DEFENDANTS HAVE STOPPED THE PLAINTIFF FROM ADEQUATLY REPRESENTING HIMSELF.

THE PLAINTIFF FILED THREE(3) GRIEVANCES AND THREE APPEALS TO THE SUPERINTENDENT. SEE EXHIBITS)

THE DEFENDANTS REFUSED TO MAKE COPIES AND MAIL PRESENTMENTS TO THE SUPREME JUDICIAL COURT FOR PURPOSES OF INTERLOCUTORY APPEALS.

THESE DEFENDANTS HAVE VIOLATED THIS PLAINTIFFS RIGHT TO SELF DEFENSE IN SUCH A CRUCIAL MANNER (THAT NOW HIS CRIMINAL PROSECUTION) IS UNLAWFULLY, CONSTITUTIONALLY IMPERMISSABLE.

CAUSE OF ACTION (INJURY)

17) THE DEFENDANTS DID NOT PROVIDE THE TOOLS NEEDED FOR THE PLAINTIFF TO ATTACK HIS CRIMINAL MATTER, CIVIL MATTER OR AND THIS IMPAIRMENT OF MANDATED RIGHTS IN HIS LITIGATING CAPACITY WARRANT SERIOUS MEASURES.

THESE ACTIONS AND INACTIONS VIOLATE 42 U.S.C.§ 1983 and THE PRISON LITIGATION REFORM ACT, 42 U.S.C. § 1997c(a)

18INJURY (CONTINUED)

18) THE PLAINTIFF EXHAUSTED ALL REMEDIES AND EVEN SOUGHT A WRIT OF CERITTIO, BUT IT WAS SENT BACK AS IN COMPLETE, AND THEN THE DEFT(s) LEGAL DIVISION READ IT, AND CONSPIRED TO THWART IT.
EXHAUSTATION HAS TAKEN PLACE PURSUANT TO BOOTH V. CHURNER 121 S.Ct. 1819

19) THE CONTINUED DELIBERATE INDIFFERENCE OF THESE DEFENDANTS INSULT THE GUIDELINES OF REMEDIES IN UNDERWOOD V. WILSON 151 F3d. 292, 295 (5th. Cir.)

20) THE PLAINTIFF IS HINDERED IN HIS 231A §§ 1,2 (WEST 2000) AS OUTLINED ABOVE IN 18. SO THIS PLAINTIFF IS SEEKING DULY ENTITLED RELIEF AS IS PROMULGATED BY THIS COURTS JURISDICTION.

21) PLAINTIFF WAS TRANSFERRED TO THE MODULAR UNITS, AND AT THE TIME OF THIS WRITING, WAS THERE FOR 4months 9aprox.)

22) THE WATER IN THE MODS, IS GROSS. UNFIT FOR HUMAN CONSUMPTION AND HAS GIVEN THE PLAINTIFF SKIN RASH. (PLAINTIFF REQUESTS A BOARD OF HEALTH FACT FINDING COMMITTEE).

23) THE VENTS IN THE ROOM WERE/ARE CLOGGED. THERE WAS/IS NO HEAT IN CELL FIVE (A)SIDE. THE PLAINTIFF CAUGHT A TERRIBLE COLD AND FROZE CONTINUALLY, THE DEFENDANTS REFUSED ADEQUATE BLANKETS.

24) THERE WAS/IS NO ELECTRICITY IN CELL #5 (A) SIDE MODS.

25) THE VIOLATIONS AND CRUEL AND UNUSUAL PUNISHMENT OF THE MODS, WARRANTS COMPENSATION IN RE: CARVER V. KNOX 753 F2d. 1370, 1389
RAMOS V. LAMM 520 F2d. 1059, 1063
WILLIAM V. WHITE 897 F2d. 1370, 1389

26) THESE DEFENDANTS HAVE GIVEN 12½ DAYS EARNED GOOD TIME AS AN INCENTIVE FOR INMATES TO (THE MOST IN COMMONWEALTH JAILS) SO INMATES WILL TOLERATE, ALLOW AND OVERLOOK THE CONDITIONS.

27) THE PLAINTIFF HAS AN INDEPTH KNOWLEDGE AND EXPERIENCE CONCERNING LITIGATION OF PRISON CONDITIONS DUE TO OVER 17 YEARS OF STATE PRISON INCARCERATION WHERE HE FILED OVER 15 STATE AND FEDERAL (USDC) LAWSUITS (A CLASS ACTION PRISON CONDITION SUIT) RESULTED IN STIPULATION OF DISMISSAL. THIS JAILS CONDITION IS THE MOST VIOLATIVE, CRUEL & UN-USUAL PUNISHMENT SETTING HE HAS EVER ENDURED. THE PLAINTIFF ADMITS THAT THE FOOD AND GOOD TIME ARE A WELCOME BENEFIT BUT THIS DOES NOT CANCEL THE CONDITIONS.

28) **THE PLAINTIFF WAS IN THE NEW MAN SEGREGATION UNIT FOR 4 days;** THE CONDITIONS OF THE DOUBLE BUNKED CELLS IN SEGREG-ATION ARE COMMON PLACE (DAILY) IN THE DEFENDANTS JAIL. SEGRGATION CELLS ARE ILLEGAL TO DOUBLE BUNK BUT IT IS THE STANDARD NORM AND PROTOCOL OF THE DEFENDANTS.

29) THE RACIAL MAKE-UP OF THE POPULATION IS 30% WHITE, 30% HISPANIC, 30% OTHER, AND 10% AFRO AMERICAN (AS IS THE PLAINTIFF) YET THEY DO NOT HAVE ANY AFRO AMERICAN HEALTH PRODUCTS IN THE INMATE CANTEEN. THIS DEFENDANTS SKIN WAS AND IS AT THE TIME OF THIS COMPLAINT (IRRITATED) IN A DRASTIC MANNER. HIS HAIR IS FALLING OUT, THERES NO BLACK HAIR CARE PRODUCTS OR SKIN TREATMENTS.

30) MIDDLESEX HAS A POPULATION OF BLACKS THAT ARE NOT CONSISTANT WITH THE AFRO AMERICAN STAFF AT THE DEFT(s) JAIL. THERE IS ONLY ONE AFRO AMERICAN FEMALE.

31) SEXUAL HARASSMENT: THE PLAINTIFF WAS IN THE MODULE UNIT AND THE SHOWER AREA WAS/IS DIRECTLY IN FRONT OF THE "OFFICERS STATION". THE PLAINTIFF WAS WATCHED COUNTLESS TIMES BY FEMALE STAFF MEMBERS: CO PETTERSON, CO (DAWN), LINDA BURELL, THE SCHOOL TEACHERS, AND THE NURSES, WHO ALL HAD BEEN IN THE DIRECTLY WATCHING INMATES (MALES/PLAINTIFF SHOWERING. IT WAS HUMILIATING, DEGRADING AND VIOLATIVE OF PRIVACY RIGHTS.

32) DENIAL OF DENTAL TREATMENT (SEE #15) THE PLAINTIFF
HAS A INGROWTHED MOLAR, THAT CAUSES HIS GUMS TO BLEED,
SECURES/LODGES FOOD IN IT. THE PLAINTIFFS TEETH ARE
SEMI INFECTED. HE FILED COUNTLESS REQUESTS FOR DENTAL,
(HE HAS, WAS, IS REFUSED TREATMENT).

33) PLAINTIFF HAS A FOOT FUNGUS THAT IS EATING AWAY AT
HIS TOES, HE WAS INFOMED BY THE DOCTOR IN FEBRUARY OF
2004 THAT THER "IS NO PODIATRIST" YOU CAN "SOAK IN SALT"...

34) THE PLAINTIFFS LEGAL MAIL WAS OPENED ON SEVERAL
DIFFERENT INSTANCES, HIS RETURN RECEIPT LEGAL MAIL
WAS UNCONSTITUTIONALLY OPENED AND DID NOT SIGN FOR IT.
SEE EXHIBIT.

35) THE VENTILATION IN THE MODULAR CELLS DO/DID NOT WORK.
THEY WERE CLOGGED UP AND THE PLAINTIFF AND ROOM MATES
WERE SUBJECTED TO FREEZING COLD TEMPETURES (ICICLES) ON THE
WINDOWS AND NO VENTILATION. THIS ATTRIBUTED TO A OUTBREAK
OF FLU SICKNESS.

36) THE SHOWERS IN THE MODULAR UNIT WERE (GROSS) THEY HAD
AND CONTINUE TO HAVE (CAKED UP) DEBRIS, AND FUNGUS FROM YEARS
OF USE. (THE SHOWERS ARE COMPACT/TEMPORARY) MODULE SHOWERS
MADE OF PLASTIC. THEY HAVE CAUSED ATHLETE FEET TO THE PLAINTIFF
AND THE SEWERAGE HAS BACKED UP INTO THE SHOWERS CONTINUOUSLY.

37) SEVERAL LETTERS TO SGT. BUCKLEY (THE FIRE SAFETY OFFICER)
WERE SENT WITHOUT RESPONSE AND/OR RECTIFICATION. IN THE CASE
FIRE THIS BUILDING IS A DEATH CHAMBER.

## FURTHER CAUSE OF ACTION

38) THE JAIL IS FULL OF HAZARDOUS CONDITIONS, (A DISCOVERY/RECORDS) OF INJURED INMATES FROM SLIP AND FALLS, FLOORS CAVING IN, TOILETS CAVING IN, CEILINGS CAVING IN WILL SUPPORT THIS.
See; BIBBS V. ARMONTROUT 943 F2d. 26,27 (1991)

39) DENIAL OF DENTAL PROVISIONS:
See: BROWNLEE V. CONINE 957 F2d. 353 (1992)

40)
**THERE ARE DAMAGES FOR DENIAL OF MADICAL CARE:**
see; YARBAUGH V. ROACH 736 F.Supp. 318-320

41) IF TREATMENT (PODIATRIST) DENTAL, MENTAL HEALTH CAN NOT BE BE MAINTAINED AND PROVIDED THEN THERE MUST BE OUTSIDE SERVICES:
see: KAMINSKI V. ROSENBLUM 929 F2d. 922 (1991)

42; LEGAL MAIL IS PRIVELEDGED: TAYLOR V. STERRETT 532 F2d.

43; ACCESS TO COURTS:
F.SUPP. 200, 206 (NAACP V. MEESE)

44; FEMALE OFFICERS AND FEMALE STAFF VIEWINGS (SHOWERS & BATHROOMS) See; STORMS V. THOMAS 983 F2d. 1024

THE PLAINTIFF MAINTAINS THE RIGHT TO AMEND THIS SUIT AND ADD OTHER ISSUES.

45) On or about May 4th. 2004 the defendants moved the plaintiff from the modular units back to the general population. They did not give him a disciplinary report. (he had not violated any institutional rules. He was simply put back). The plaintiff was placed in a cell Unit O#10. The cell was smaller than Federal and State protections allow, the light socket did not work, there was sewerage leaking from the toilet, the walls were caked up with abestos, painted over, the window had no blockage (pane) it was open to the rain and chilly air.

46) The showers had no pressure and were continually cold.

47) The shower room was gross and infected with sewerage.

48) The halls, stairswells, gym, canteen, hospital unit booking room and school building was decrepid with un-protected pipes and cracking, peeling bricks overrun with layers and layers of paint and hidden abestos.

49) The water was distasteful, eroded, rust and sewerage filled. (the officers refuse to consume it.)

50) The plaintiffs mental health went un-checked and un-monitered throughout his entire stay because the defendants lacked on duty or on call mental health staff.

<u>THE PLAINTIFF RESERVES THE RIGHT TO AMEND THIS COMPLAINT.</u>

### PRAYER FOR RELIEF

51) The plaintiff request **punative damages** in the sum of $ 100,000.00 (One Hundred Thousand Dollars).

52) **Compensatory Damages ($100,000.00)** also.

53) Trial by a Single Justice.

54) A Federal Court Order to condemn/destroy and desolate the Billerica H.O.C.

55) The right to AMEND.

Respectfully:

*Eric Kelly* Eric Kelley

End

To: Kelley, Eric

From: Officer Brown, I.G.C.

Subject: grievance 2003/50

Date: November 13, 2003

As I began investigation of your grievance, I learned that the Legal Services Attorney consulted with you earlier today, that your documents were returned and copies were made of the documents as you requested and were sent to the proper destinations. This portion of your requested remedy is approved. The Institution's Grievance Coordinator cannot render a decision to adequately meet your legal needs, so that portion of the requested remedy is not approved. However, I encourage you to request increased Library Hours through your Advisory Board, although I know our staffing issues are challenging. Also, I am told there is Case Law that speaks to this issue, Casey v. Lewis, that you may want to read.

Additionally, I am not aware of an appeal that you may have submitted regarding these issues.

Exhibit A

To: Kelley, Eric

From: Officer Brown, I.G.C.

Subject: grievance 2003/39

Date: September 10, 2003

You have access to the library on Wednesday mornings and you have copies of your legal work. Your requested remedy is denied

*[Handwritten annotations:]* Pro Se Litigant with 1½ hours a week has library which if anything ) inadequate.

Violates every statute and case as to Pro Se defendants (crim.