UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC KELLEY,        Plaintiff, | ) ) ) |
| v. | ) C.A. No. 04-11192-RCL ) |
| SHERIFF DiPAOLO, et al.        Defendants. | ) ) ) |

MEMORANDUM AND ORDER

Now before the Court is plaintiff's Motion For a Protective Order. For the reasons set forth below, plaintiff's motion is denied.

BACKGROUND

On May 27, 2004, Eric Kelley, an inmate at the Billerica House of Correction, filed his self-prepared, civil rights complaint against several correctional and public health defendants concerning the conditions of plaintiff's confinement. See Complaint ("Compl."), Docket No. 3.

Accompanying plaintiff's complaint is a one-page pleading entitled "Motion For a Protective Order." See Motion, Docket No. 2. In this motion, plaintiff seeks to have this Court order "protective measures" that would prohibit (1) the retaliatory transfer of plaintiff to another institution; (2) the confiscation of plaintiff's pleadings or property; and (3) plaintiff's placement in segregation. Id.

DISCUSSION

To obtain the extraordinary remedy of preliminary injunctive relief, plaintiff must show that: (1) he will suffer irreparable harm absent the injunction; (2) the injury outweighs the harm to the defendants if granted; (3) he is likely to succeed on the merits of the case, and (4) the injunction does not adversely affect the public interest. Planned Parenthood League of Mass. v. Bellotti, 641 F.2d 1006, 1009 (1st

Cir. 1981); see Weaver v. Henderson, 984, F. 2d 11, 12 (1st Cir. 1993); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Mass. 1993) (extending four part preliminary injunction test to temporary restraining orders). The Court will not construe plaintiff's motion as a request for a preliminary injunction because preliminary injunctions may not be issued without notice to the adverse party, and the motion does not appear to have been served on the defendants. See Fed. R. Civ. P. 65(a)(1).

To the extent plaintiff seeks an ex parte restraining order, such relief may be sought pursuant to Fed. R. Civ. P. 65(b).[1] The same four-factor test for preliminary injunctions also has been extended to temporary restraining orders. Levesque v. State of Maine, 587 F.2d 78, 80 (1st Cir. 1976); see Butler v. Maine Sup. Jud. Ct., 758 F. Supp. 37, 38 (D. Me. 1991) (applying criteria). A party seeking an ex parte temporary restraining order must allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion. Fed. R. Civ. P. 65(b). Further, the party's attorney (or the party himself, if proceeding pro se as here) must certify to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Id.

---

[1] Rule 65(b) states that:
> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

As an initial matter, the Court recognizes that Mr. Kelley failed to certify his efforts to give notice to the named defendants in this action. The failure to do so provides sufficient grounds for denial of the request. See Thompson v. Ramirez, 597 F. Supp. 726, 726 (D. P.R. 1984) (denying temporary restraining order, in part, where there had been no certification to court in writing, of the efforts, if any, of notification to adverse parties).

More importantly, however, because plaintiff has not alleged sufficient facts demonstrating that he will suffer irreparable harm requiring ex-parte injunctive relief, the Court will deny plaintiff's request for injunctive relief.

## ORDER

Based upon the foregoing, it is hereby ORDERED that plaintiff's Motion for a Protective Order (Docket No. 22) is DENIED.

SO ORDERED.

Dated at Boston, Massachusetts, this 2nd day of August, 2004

/s/ Reginald C. Lindsay
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE