UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ERIC KELLEY,                          ) | |
|        Plaintiff,          ) | |
|                              ) | C.A. No. 04-11192-NMG |
| v.                                                ) | |
|                              ) | |
| SHERIFF DIPAULO, et al.,      ) | |
|        Defendants.    ) | |

## MEMORANDUM

For the reasons stated below, plaintiff's claims against defendants DiPaulo, Norton, Flynn and Hall survive summary dismissal and plaintiff is directed to demonstrate good cause why his claims against defendants Billerica House of Correction Legal Department; the Commissioner of the Massachusetts Department of Public Health; the Commissioner of Public Safety; and the Billerica Board of Health should not be dismissed.

## FACTS

Pro se plaintiff Eric Kelley, an inmate at the Middlesex County House of Correction in Billerica ("Billerica"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Complaint ("Compl."), p. 1 (jurisdiction). Kelley claims that on or about August 13, 2003, he received a two-year sentence after which he was subsequently incarcerated at Billerica. Id. at ¶ 4. Plaintiff's thirteen-page, typewritten complaint concerns several issues including (1) his medical care; (2) his access to the courts; (3) and the conditions of his confinement within several different units at Billerica. He names (1) Sheriff DiPaulo;[1] (2) Superintendent Norton;[2] (3) the Billerica House of Correction Legal Department; (4) the

---

[1] James V. DiPaola, Middlesex County Sheriff.

[2] Paul E. Norton, the Superintendent of the Middlesex County House of Correction (Billerica).

Commissioner of the Massachusetts Board of Health;[3] (5) the Commissioner of Public Safety;[4] and (6) the Billerica Board of Health.[5] He seeks compensatory and punitive damages, "trial by a Single Justice," "the right to AMEND," and an order "to condem/destroy and desolate the Billerica H.O.C." Id. at ¶¶ 51-55, Prayer for Relief.

On August 19, 2004, plaintiff filed a two-page amendment to the complaint accompanied by a copy of the section of the Code of Massachusetts Regulations concerning Minimum Health and Sanitation Standards and Inspection Procedures for Correctional Facilities. See Docket No. 8. In addition to naming two new defendants (Sergeant Flynn and Officer Thurmond Hall) the amendment contains additional allegations concerning actions by attorneys Gartenburg and Goggin. Id. Because this action is subject to screening and defendants have not filed a responsive pleading, plaintiff filed, as a matter of course, his amendment. See Fed. R. Civ. P. 15(a) (a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served....").

## ANALYSIS

I. The Court May Screen this Action

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"). Pub.L. No. 104-134, 110 Stat. 1321 (1996). Among the changes effected by the PLRA is the requirement that a district court dismiss a complaint filed by a prisoner in forma pauperis "at any time," if the court determines that it lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability or

---

[3] Christine C. Ferguson, Commissioner of the Massachusetts Department of Public Health.

[4] Edward A. Flynn, Secretary of Public Safety.

[5] The Board of Health for the Town of Billerica.

fails to state a claim. 28 U.S.C. § 1915(e)(2)(b). All prisoner actions directed against a governmental entity or officer also must be screened on these same bases at the earliest practicable time, regardless of whether or not the prisoner litigant has paid the filing fee. 28 U.S.C. § 1915A. Similarly, prisoner complaints based on prison conditions must also be screened. 42 U.S.C. § 1997e(c)(1), (2).

Even construing plaintiff's pro se complaint and amendment generously, Haines v. Kerner, 404 U.S. 519, 520 (1972), his claims against the Billerica House of Correction Legal Department; the Commissioner of the Massachusetts Department of Public Health; the Commissioner of Public Safety; and the Billerica Board of Health are subject to dismissal for the reasons stated below.

II. Eleventh amendment immunity of Ferguson, E. Flynn and the Billerica House of Correction Legal Department

Plaintiff's claims against the Commissioner of the Massachusetts Department of Public Health, the Commissioner of Public Safety, and the Billerica House of Correction Legal Department are subject to dismissal based on Eleventh Amendment immunity. The Eleventh Amendment bars suits against a State, its departments and agencies regardless of the relief sought unless a State has waived its Eleventh Amendment immunity or Congress has overridden it. See, e.g., Alabama v. Pugh, 438 U.S. 781, 781 (1987) (per curiam); accord Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (citing Pugh) (same); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984) (same). Therefore, the Commissioner of the Massachusetts Board of Health, the Commissioner of Public Safety and the Billerica House of Correction Legal Department are entitled to Eleventh Amendment immunity unless Massachusetts has waived its immunity or Congress has overridden it. Pugh, 438 U.S. at 781; Graham, 473 U.S. at 167 n. 14; Pennhurst, 465 U.S. at 98-100.

Massachusetts has not waived its Eleventh Amendment immunity, Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (stating that there has been no unequivocal abrogation of the Commonwealth's Eleventh Amendment immunity), and Congress did not override it in enacting Section 1983. Quern v. Jordan, 440 U.S. 332, 344 (1979).

Thus, the Eleventh Amendment bars plaintiff's monetary claims against the Billerica House of Correction Legal Department and defendants the Commissioners of the Massachusetts Board of Health and Public Safety in their official capacities, and these claims are subject to dismissal for lack of jurisdiction. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-144 (1993) (11th Amendment operates as a withdrawal of jurisdiction); cf. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (neither state nor its officials are "persons" for purposes of § 1983); Johnson v. Rodriguez, 943 F.2d 104, 108 (1st Cir. 1991) ("It is settled beyond peradventure, however, that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action.").

### III.     Plaintiff's Claims Against Billerica Board of Health

Plaintiff's claims against the Billerica Board of Health fail because he has failed to allege the existence of an unconstitutional custom or policy. Even assuming that plaintiff is attempting to state a claim against the Town of Billerica, his complaint is subject to dismissal because it is based on a theory of respondeat superior.

Liability under Section 1983 is direct, not vicarious. Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no respondeat superior liability under § 1983). Section 1983 liability may only be imposed upon officials who were involved personally in the deprivation of constitutional rights, and may

4

not be premised solely on the employer-employee relationship between an entity and the alleged tortfeasor.  Id.; see Guzman v. City of Cranston, 812 F.2d 24, 26 (1st Cir. 1987); accord Rodriguez-Vazquez v. Cintron-Rodriguez, 160 F. Supp. 2d 204, 210-213 (D. P.R. 2001) (dismissing claims, allegation that defendant was "ultimately responsible for the selection and/or supervision and/or training and/or discipline of his subordinates" was insufficient).

Although municipalities are "persons" for purposes of Section 1983, liability against these political subdivisions also may not arise vicariously.  Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 279 (1977); Monell v. Department of Soc. Servs., 436 U.S. 658, 691-92 (1978).  Instead, municipalities are liable only for acts for which the entity itself is responsible, meaning acts the entity has embraced as a policy or custom.  Monell, 436 U.S. at 690-91; accord Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Plaintiff's complaint and amendment contain no allegations that any act complained of occurred pursuant to a town policy or was one of a series of incidents amounting to an unconstitutional custom or practice or resulted from the decision of a town policymaker with policymaking authority.  Because municipalities cannot be held liable under Section 1983 in the absence of proof that the deprivation of constitutional rights was caused by an unconstitutional policy or practice, Section 1983 complaints, like plaintiff's, which fail to include such allegations, do not state a claim upon which relief can be granted.  Baxter by Baxter v. Vigo County Sch. Corp., 26 F.3d 728, 736 (7th Cir. 1994) (dismissing for failure to sufficiently allege any policy or custom on the part of defendant); accord Buchanan v. City of Kenosha, 57 F. Supp. 2d 675, 679 (E.D. Wis. 1999) (same); Stratton v. City of Boston, 731 F. Supp. 42, 47 (D. Mass. 1989) (same).

    IV.    <u>Plaintiff's §1983 Claims Against Defendants DiPaulo, Norton, Flynn and Hall</u>

The Court concludes that plaintiff's claims against defendants DiPaulo, Norton, Flynn and Hall under 42 U.S.C. § 1983 survive summary dismissal pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A; and 42 U.S.C. § 1997e(c)(1), (2).

CONCLUSION

ACCORDINGLY, plaintiff's claims against defendants DiPaulo, Norton, Flynn and Hall survive summary dismissal and plaintiff's claims against defendants Billerica House of Correction Legal Department; the Commissioner of the Massachusetts Department of Public Health; the Commissioner of Public Safety; and the Billerica Board of Health are subject to dismissal without further notice under 28 U.S.C. §§ 1915(e)(2), 1915A; and 42 U.S.C. § 1997e(c)(1), (2), within forty-two (42) days of the date of the accompanying Order unless before that time plaintiff demonstrates good cause why they should not be dismissed for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this  7th  day of  January   , 2005.

                                                            /s/ Nathaniel M. Gorton  
                                                           NATHANIEL M. GORTON  
                                                           UNITED STATES DISTRICT JUDGE