UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS                    JAN 20

ERIC KELLEY,                          )
                    Plaintiff,        )
                                      )
            v.                        )      C.A. No. 04-11192-RCL
                                      )
SHERIFF DiPAOLO, et al.               )      **PLAINTIFFS MOTION TO**
                    Defendants.       )      **SHOW CAUSE WHY THE**
                                             **BOARD OF HEALTH ARE**
                                             **TO BE ADDED AS THE**
                                             **DEFENDANTS.(MEMORANDUM)**


         The plaintiff states that this Honorable
Court erred in relinquishing the defendants (BILLERICA BOARD
OF HEALTH) (COMMISSIONER OF MASSACHUSETTS BOARD OF HEALTH)
because they can not obtain immunity on a valid claim where-
as they have violated govermental custom, policy, protocol
and state and federally mandated guidelines in their full
capacity as a supervisory authority rather than a unconnected
entity.

         The Board Of Health officials are personally
involved in the deprivation of the plaintiffs constitutional
protections and rights afforded by the U.S. Constition. See:
GUZMAN V. CITY OF CRANSTON 812 F2d. 24, 26 (1st. Cir.1987)
                    "Local governing bodies (and local officials
sued in their official capacities) **can**, therefore, be sued direc-
tly under § 1983 for monetary, declaratory, and injunctive
relief in those situations where, as here, the statement, the
ordinance, regulation, or decision officially adopted or prom-
ulgated by those whose edicts or acts may fairly be said to
represent official policy. In addition, local goverments, like
every other § 1983 'person' **may be sued for constitutional
deprivations visted pursuant to goverment 'custom' even though
such custom has not received formal approval'**............

Page #2 (Show Cause)

        The Board of Health has done inspection on
the defendants jail since 1929 (when it opened).
From 1989 (when a Class Action was filed) to the present,
the Board of health has been delibertly indifferent
to its own condemnation ORDERS, Contempt Decrees, and
judicial judgemnets and ORDERS. They have maliciously
and with malice on a continued egregious basis overlooked
this plaintiffs rights and the rights of countless living,
breathing, walking human beings (known as "inmates").
They have caused the violation of Due Process to be thwarted
by the breach of their **policies and govermental customs.**
        " In addition, municipalities cannot have arranged
their affairs on an assumption that they can violate const-
itutional rights for an indefinite period; accordingly,
municipalities have **no reliance that would support an
absolute immunity**"........
        Protecting citizens of the state and (County)
from inhumane violations of health codes is an "act" for
which these entities are responsible. They have embraced"
their swoarn duty [POLICY & CUSTOM]. See: MONRELL 436
U.S. Also; POLK V. DODSON 454 U.S. 312 (1981)
        In 1993 Judge Christine McEvoy ORDERED that there
would be compliance with the regulated codes that the
Billerica Board of Health and Massachusetts Board of Health
must enforce, report, and oversee. This **TOWN POLICY MAKER
& STATE POLICY MAKING AUTHORITY** HAD A SUPERVISORY OBLIGATION
THAT WOULD, COULD AND CAN BE MET WITH A THE LEAST CONTRIBUTORY
NEGLIGENCE IF NOT TOTAL LIABILTY.
        The continued violations and worsened conditions
with the lack of zeal, non-compliance and deliberate indifference
is the reason that the defendants (upon which this court deems
relief may/might be granted) have been allowed to violate.
Not only does their degree of not monitering the defendants
adquately (open eyes) there is a culpability factor that may
entail corruption, bribes and criminal venture.

Potential Co-Plaintiff (Brian Mercier) has sent the Board OF Health an affiadvit and request (along with thsi plaintiff) for a "unannounced fact finding commttee) and inspection. To no avail! For at least 15 years, countless mandates and abuse overseen in their OFFICIAL CAPACITY the Board of Healths "turns a deaf ear" on the conditions that unbearably linger, and increase at the defendant dungeon of midevil capture.

## SUMMARY AS TO MATTER

The Board of Health are key "players" and must not be allowed to hide behind a banner of the states flag, instead they are to be held in full account of their swoarn job descriptions as (protective) agencies of the state.

Hypothisis; If children were being raped at a Day care, and the Dept. of Social services made interviews, And did inspections and investigations and were aware of these acts, nothing, WOULD DSS BE A VIABLE CANIDATE FOR LITIGATION? The inmates and this plaintiff have been ravaged and 'raped' (figulativly speaking) by these defendants and the BOARD OF HEALTH KNOWS ABOUT IT, PARTICIPATES IN IT, AND CONDONES IT!!

" Finally, if we continued to adhere to a rule of absolute municipal immunity under § 1983, we could not long avoid the question whether "we should, by analogy to our decision in *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), imply a cause of action directly from the Fourteenth Amendment which would not be subject to the limitations contained in § 1983 . . . ." *Mt. Healthy City Board of Ed. v. Doyle,* 429 U.S. 274, 278, 97 S.Ct. 568, 571, 50 L.Ed.2d 471 (1977). One aspect of that inquiry would be whether there are any "special factors counselling hesitation in the absence of affirmative action by Congress," *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 396, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971), such as an "explicit congressional declaration [436 U.S. 713] that persons injured by a [municipality] may not recover money damages . . . , but must instead be remitted to another remedy, equally effective in the view of Congress," *id.,* at 397, 91 S.Ct. at 2005. In light of the Court's persuasive re-examination in today's decision of the 1871 debates, I would have difficulty inferring from § 1983 "an explicit congressional declaration" against municipal liability for the implementation of official policies in violation of the Constitution. Rather than constitutionalize a cause of action against local government that Congress intended to create in 1871, the better course is to confess error and set the record straight, as the Court does today."

The Unconstitutional Policy
     Of the Board Of Health,
  Is;

(Periodically) do inspections,
 write, document and demonstrate
 Violations, but do not sanction,
 condem, or adhere to ⟨any⟩
 Court Orders, injunctions or
 Contempt Mandates.

The evolving standards of decency,
Due Process and the minium
Sanitation (custom / Policy) will
⟨not⟩ apply concerning County
Penal facilities. (There **Does** exist an
                unconstitunal Policy).

     Municipal Liability (DOES)
fall on the Board Of Health.

                Eric Kelley (Pro se)
                Eric Kelley (Pro se) 1/18/05