UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-11192-NMG

Eric Kelley,
Plaintiff,

v.

Sheriff DiPaola, Superintendent Norton,
Officer Thurmond Hall, Sgt. Flynn,
Billerica House of Correction Legal Dept.,
Attorney Lee Gartenberg, Attorney John
Goggin, Commissioner of the
Massachusetts Board of Health,
Commissioner of Public Safety,
and Billerica Board of Health,
Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

<u>MIDDLESEX SHERIFF JAMES V. DiPAOLA'S, SUPERINTENDENT PAUL
NORTON'S, CORRECTIONAL OFFICER THURMOND HALL'S, SGT. FLYNN'S
ATTORNEY LEE GARTENBERG'S, ATTORNEY JOHN GOGGIN'S AND THE
BILLERICA HOUSE OF CORRECTION/INMATE LEGAL SERVICES'
("DEFENDANTS") JOINT ANSWER TO PLAINTIFF'S COMPLAINT AND
AMENDMENT TO COMPLAINT</u>

<u>JURISDICTION</u>

The Defendants are without sufficient information to affirm or deny the
allegations contained in this Paragraph and call on Plaintiff to prove.

<u>AMENDMENT # 1 RE: SGT. JOSEPH FLYNN</u>

Defendant Sgt. Joseph Flynn denies the allegations contained in this Amendment
and calls on Plaintiff to prove.

<u>AMENDMENT # 2 RE: OFFICER THURMOND HALL</u>

Defendant Thurmond Hall denies the allegations contained in this Amendment
and calls on Plaintiff to prove.

<u>AMENDMENT # 3 RE: ATTORNEYS LEE GARTENBERG AND JOHN GOGGIN</u>

Defendants Attorney Lee Gartenberg and Attorney John Goggin of the Billerica House of Correction's Inmate Legal Services' Department both deny the allegations contained in this Amendment and call on Plaintiff to prove.

## AMENDMENT # 4 RE: MINIMUM HEALTH AND SANITATION CODES

To the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the allegations contained in this Amendment and call on Plaintiff to prove.

## THE PARTIES

1.    Defendants admit that Plaintiff is an inmate in the custody of the Middlesex Sheriff's Office serving his sentence of incarceration for felony convictions at the Middlesex House of Correction at Billerica, MA. Otherwise, Defendants are without sufficient knowledge of the truth or accuracy of the allegations in Paragraph # 1 and call on the plaintiff to prove.

2.    Defendants admit that James V. DiPaola is the Sheriff of Middlesex County and Paul Norton is the Superintendent of the Middlesex House of Correction. Otherwise, the Defendants DiPaola and Norton deny the remaining allegations in Paragraph # 2 and call on Plaintiff to prove.

3.    Defendants are without sufficient knowledge or information to affirm or deny the allegations in Paragraph # 3 and call on Plaintiff to prove.

## STATEMENT OF FACTS

4.    Defendants are without sufficient knowledge or information to affirm or deny the allegations in Paragraph # 4 and call on Plaintiff to prove.

5.    Defendants admit that upon admission to the Middlesex House of Correction, each inmate is given 2 pairs of socks; 2 tee-shirts; 2 pairs of underwear; 2 bath towels; 1 face cloth; 2 bed sheets; 1 blanket and a pair of prison issued sneakers. Otherwise, Defendants deny the remaining allegations in Paragraph # 5 and call on Plaintiff to prove.

6.    To the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the allegations contained in Paragraph # 6 and call on Plaintiff to prove.

6 (a-o). Defendants deny the allegations contained in paragraph # 6 (a-o) and call on Plaintiff to prove.

7.      To the extent Plaintiff's allegations state legal conclusions, no answer is required.
        Otherwise, Defendants deny all the allegations contained in Paragraph # 7 and
        call on Plaintiff to prove.

7 (a-c). To the extent Plaintiff's allegations state legal conclusions, no answer is required.
        Otherwise, Defendants deny all the allegations contained in Paragraph # 7 (a-c)
        and call on Plaintiff to prove.

8.      To the extent Plaintiff's allegations state legal conclusions, no answer is required.
        Otherwise, Defendants deny all the allegations contained in Paragraph # 8 and
        call on Plaintiff to prove.

8 (a-d). To the extent Plaintiff's allegations state legal conclusions, no answer is required.
        Otherwise, Defendants deny all the allegations contained in Paragraph # 8 (a-d)
        and call on Plaintiff to prove.

9.      To the extent Plaintiff's allegations state legal conclusions, no answer is required.
        Otherwise, Defendants deny all the allegations contained in Paragraph # 9 and
        call on Plaintiff to prove.

10.     To the extent Plaintiff's allegations state legal conclusions, no answer is required.
        Otherwise, Defendants deny all the allegations contained in Paragraph # 10 and
        call on Plaintiff to prove.

11.     To the extent Plaintiff's allegations state legal conclusions, no answer is required.
        Otherwise, Defendants deny all the allegations contained in Paragraph # 11 and
        call on Plaintiff to prove.

12.     To the extent Plaintiff's allegations state legal conclusions, no answer is required.
        Otherwise, Defendants deny all the allegations contained in Paragraph # 12 and
        call on Plaintiff to prove.

13.     To the extent Plaintiff's allegations state legal conclusions, no answer is required.
        Otherwise, Defendants deny all the allegations contained in Paragraph # 13 and
        call on Plaintiff to prove.

14.     To the extent Plaintiff's allegations state legal conclusions, no answer is required.
        Otherwise, Defendants deny all the allegations contained in Paragraph # 14 and
        call on Plaintiff to prove.

15.     To the extent Plaintiff's allegations state legal conclusions, no answer is required.
        Otherwise, Defendants deny all the allegations contained in Paragraph # 15 and
        call on Plaintiff to prove.

16.     Defendants are without sufficient knowledge or information to affirm or deny the
        allegations in Paragraph # 16 and call on Plaintiff to prove.

16.(a-c) To the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the allegations contained in Paragraph # 16 (a-c) and call on Plaintiff to prove.

17.    To the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the allegations contained in Paragraph # 17 and call on Plaintiff to prove.

18.    To the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the allegations contained in Paragraph # 18 and call on Plaintiff to prove.

19.    To the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the allegations contained in Paragraph # 19 and call on Plaintiff to prove.

20.    This Paragraph is unintelligible and accordingly the Defendants move to strike it pursuant to F. R. Civ. P 8 (a) (1), 8 (e) (1) and 12 (f). Additionally, to the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the allegations contained in Paragraph # 20 and call on Plaintiff to prove.

21.    Defendants are without sufficient knowledge or information to affirm or deny the allegations in Paragraph # 21 and call on Plaintiff to prove.

22.    Defendants deny all the allegations contained in Paragraph # 22 and call on Plaintiff to prove.

23.    Defendants deny all the allegations contained in Paragraph # 23 and call on Plaintiff to prove.

24.    Defendants deny all the allegations contained in Paragraph # 24 and call on Plaintiff to prove.

25.    To the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the allegations contained in Paragraph # 25 and call on Plaintiff to prove.

26.    Defendants move pursuant to F. R. Civ. P 12 (f) to strike this paragraph. Otherwise, Defendants deny all the allegations contained in Paragraph # 26 and call on Plaintiff to prove.

27.    This Paragraph is unintelligible and accordingly the Defendants move to strike it pursuant to F. R. Civ. P 8 (a) (1), 8 (e) (1) and 12 (f). Additionally, to the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise,

except for Plaintiff's admission that the institutional food and good time credit policies were adequate, Defendants deny all the remaining allegations contained in Paragraph # 27 and call on Plaintiff to prove.

28. To the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the allegations contained in Paragraph # 28 and call on Plaintiff to prove.

29. This Paragraph is unintelligible and replete with references to overt racial classifications. Accordingly the Defendants move to strike it pursuant to F. R. Civ. P 8 (a) (1), 8 (e) (1) and 12 (f). Additionally, to the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the remaining allegations contained in Paragraph # 29 and call on Plaintiff to prove.

30. This Paragraph is unintelligible and replete with references to overt racial classifications. Accordingly the Defendants move to strike it pursuant to F. R. Civ. P 8 (a) (1), 8 (e) (1) and 12 (f). Additionally, to the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the remaining allegations contained in Paragraph # 30 and call on Plaintiff to prove.

31. To the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the allegations contained in Paragraph # 31 and call on Plaintiff to prove.

32. Defendants deny all the allegations contained in Paragraph # 32 and call on Plaintiff to prove.

33. Defendants deny all the allegations contained in Paragraph # 33 and call on Plaintiff to prove.

34. Defendants state that pursuant to policy and applicable law, prison officials may encroach on an inmate's liberty to send and receive mail when faced with security concerns. Procunier v. Martinez, 416 U.S. 396, 412-413. Otherwise, the Defendants deny all the remaining allegations contained in Paragraph # 34 and call on Plaintiff to prove.

35. Defendants deny all the allegations contained in Paragraph # 35 and call on Plaintiff to prove.

36. Defendants deny all the allegations contained in Paragraph # 36 and call on Plaintiff to prove.

37. This Paragraph is unintelligible and accordingly the Defendants move to strike it pursuant to F. R. Civ. P 8 (a) (1), 8 (e) (1) and 12 (f). Additionally, to the extent

Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the remaining allegations contained in Paragraph # 37 and call on Plaintiff to prove.

38.   This Paragraph is unintelligible and accordingly the Defendants move to strike it pursuant to F. R. Civ. P 8 (a) (1), 8 (e) (1) and 12 (f). Additionally, to the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the remaining allegations contained in Paragraph # 38 and call on Plaintiff to prove.

39.   Defendants move to strike this count pursuant to F. R. Civ. P 8 (a) (1), 8 (e) (1) and 12 (f) because no basis whatsoever is given to demonstrate that Plaintiff is entitled to any sort of relief. Additionally, to the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the remaining allegations contained in Paragraph # 39 and call on Plaintiff to prove.

40.   Defendants move to strike this count pursuant to F. R. Civ. P 8 (a) (1), 8 (e) (1) and 12 (f) because no basis whatsoever is given to demonstrate that Plaintiff is entitled to any sort of relief. Additionally, to the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the remaining allegations contained in Paragraph # 40 and call on Plaintiff to prove.

41.   Defendants move to strike this count pursuant to F. R. Civ. P 8 (a) (1), 8 (e) (1) and 12 (f) because no basis whatsoever is given to demonstrate that Plaintiff is entitled to any sort of relief. Additionally, to the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the remaining allegations contained in Paragraph # 41 and call on Plaintiff to prove.

42.   Defendants move to strike this count pursuant to F. R. Civ. P 8 (a) (1), 8 (e) (1) and 12 (f) because no basis whatsoever is given to demonstrate that Plaintiff is entitled to any sort of relief. Additionally, to the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the remaining allegations contained in Paragraph # 42 and call on Plaintiff to prove.

43.   Defendants move to strike this count pursuant to F. R. Civ. P 8 (a) (1), 8 (e) (1) and 12 (f) because no basis whatsoever is given to demonstrate that Plaintiff is entitled to any sort of relief. Additionally, to the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the remaining allegations contained in Paragraph # 43 and call on Plaintiff to prove.

44.   Defendants move to strike this count pursuant to F. R. Civ. P 8 (a) (1), 8 (e) (1) and 12 (f) because no basis whatsoever is given to demonstrate that Plaintiff is entitled to any sort of relief. Additionally, to the extent Plaintiff's allegations state legal conclusions, no answer is required. Otherwise, Defendants deny all the remaining allegations contained in Paragraph # 44 and call on Plaintiff to prove.

45.   Defendants deny all the allegations contained in Paragraph # 45 and call on Plaintiff to prove.

46.   Defendants deny all the allegations contained in Paragraph # 46 and call on Plaintiff to prove.

47.   Defendants deny all the allegations contained in Paragraph # 47 and call on Plaintiff to prove.

48.   Defendants deny all the allegations contained in Paragraph # 48 and call on Plaintiff to prove.

49.   Defendants deny all the allegations contained in Paragraph # 49 and call on Plaintiff to prove.

50.   Defendants deny all the allegations contained in Paragraph # 50 and call on Plaintiff to prove.

## DEFENSES

1.   Plaintiff's has failed to exhaust his administrative remedies pursuant to the Prisoner Litigation Reform Act (42 U.S.C. 1997e(a)) and Porter v. Nussle, 122 S. Ct. 983, 988 (2002).

2.   Plaintiff's claims are barred by applicable statutes of limitations.

3.   Plaintiff's claims are barred by sovereign immunity and qualified immunity.

4.   Plaintiff's complaint fails to state claims upon which relief could be granted pursuant to F. R. Civ. P. 12 (b) (6).

5.   Plaintiff has failed to adhere to the requirements of G. L. c. 258, §§ 2, 4 & 10.

6.   Defendants at all times complied with the requirements of Lewis v. Casey, 116 S. Ct. 2174, (1996), Bounds v. Smith, 430 U.S. 817 (1977) and other relevant cases.

7.   Plaintiff's claims of inadequate medical care are subject to review by a medical malpractice tribunal pursuant to G. L. c. 231, § 60B.

8.   Plaintiff's claims may potentially implicate the political question doctrine.

9.   Plaintiff lacks legal standing to assert his claims.

10.   Plaintiff has no proof of legal causation or requisite legal harm to avid dismissal of his complaint.

**WHEREFORE**, the Defendants request that this Honorable Court dismiss the Plaintiff's Complaint with prejudice.

## DEFENDANTS CLAIM A JURY TRIAL ON ALL ISSUES SO TRIABLE

Respectfully submitted,
Defendants,
By their attorneys,

Kenneth V. Desmond, Jr.
Deputy Chief Legal Counsel
Middlesex Sheriff's Office
40 Thorndike Street, 17th Floor
Cambridge, MA 02141
(617) 494-4400

Steven J. Masse, Jr.
Legal Counsel
Middlesex Sheriff's Office
40 Thorndike Street, 17th Floor
Cambridge, MA 02141
(617) 494-4400

## CERTIFICATE OF SERVICE

I, Kenneth V. Desmond, Jr., hereby certify that I have served Defendants' Answer to Plaintiff's Complaint upon Pro Se Inmate Eric Kelley by first class mail.