UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-11192-NMG

| | |
|---|---|
| Eric Kelley, | ) |
| Plaintiff, Pro Se | ) |
| | ) |
| v. | ) |
| | ) |
| Sheriff DiPaola, Superintendent Norton, | ) |
| Officer Thurman Hall, Sgt. Joseph Flynn, | ) |
| Billerica House of Correction Legal Dept., | ) |
| Attorney Lee Gartenberg, Attorney John | ) |
| Goggin, Commissioner of the Massachusetts | ) |
| Board of Health, Commissioner of Public | ) |
| Safety, and Billerica Board of Health, | ) |
| Defendants. | ) |

This motion is brought pursuant to the provisions of F. R. Civ. P 56 & Local Rule 56.1

## MIDDLESEX SHERIFF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS'F. R. Civ. P 56 CROSS-MOTION FOR SUMMARY JUDGMENT

Now come all the Defendants affiliated with or employed by the Middlesex Sheriff's Office ("Sheriff's Office Defendants") who hereby oppose Plaintiff's attached motion for summary judgment pursuant to F. R. Civ. P 56 and Local Rule 56.1. Additionally, these Defendants cross-move this Honorable Court for summary judgment against Plaintiff pursuant to the aforementioned rules and 28 U. S. C. § 1915A for lack of subject matter jurisdiction and for other compelling reasons set forth below.

In furtherance of the Sheriff's Office Defendants' opposition and cross-motion for summary judgment, the Sheriff's Defendants state the following:

## DEFENDANTS' LOCAL RULE 56.1 OPPOSITION TO THE FACTS LISTED IN PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In accordance with the requirements of Local Rule 56.1, the Defendants hereby controvert all the facts in Plaintiff's motion for summary judgment and in his memorandum in support of the motion. Specifically, the Sheriff's Office Defendants contest that the "defendants response to the complaint is impenetrable, excessively vague and so ambiguous that it gives rise to continued deliberate indifference." See Plaintiff's motion for summary judgment and memorandum in support.

As a threshold matter, Plaintiff's motion for summary judgment must be denied because it failed to contain a concise statement of the material facts of record as required by Local Rule 56.1.[1] With respect to the allegations made in Plaintiff's motion for summary judgment, Defendants' answer clearly responded to the diffuse allegations raised in Plaintiff's pro se complaint. Defendants' answer conformed in all respects to the Rules of Civil Procedure. See F. R. Civ. P 8 & 12.

To the extent that Plaintiff was somehow confused by the legal terminology used or the defenses raised in the answer, that is due primarily to his lack of legal training. See Com. v. Jackson, 419 Mass. 716, 721 (1995) (no judicial obligation to protect a pro se defendant from his lack of legal training). Furthermore, Plaintiff's complaint contained fifty (50) some odd paragraphs, the majority of which were denied by the Defendants. Lastly, Plaintiff bears the burden of proof on the claims that he advanced. Therefore, it was permissible for the Defendants to call upon Plaintiff to substantiate the allegations that he made in his complaint.

---

[1] Failure to include a concise statement of the material facts of record constitutes grounds for denial of the motion. See Local Rule 56.1.

2

As for the memorandum in support of Plaintiff's motion for summary judgment, Plaintiff cites three (3) cases that state nothing more than the boilerplate standard of review under Massachusetts and Federal Rule 12 (b) (6).[2] Plaintiff, however, moved for relief pursuant to F. R. Civ. P 56 which requires substantially more than mere recitals of standards of review or the wholesale repetition of allegations contained in the complaint. Plaintiff, as the moving party, bears the burden of showing both the absence of genuine issues of material fact and an entitlement to judgment as a matter of law. See Stone Motor Co. v. GMC, 293 F. 3d 456, 465 (2002). He has failed to make that showing.

Plaintiff cannot demonstrate that the Defendants' answer in any way violated the Rules of Civil Procedure or somehow lacked legal validity simply because the answer contained denials to the allegations made in the complaint or repeated those denials where appropriate.

Therefore, Plaintiff's motion for summary judgment must be dismissed for lack of merit.

## DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS ON THEIR CROSS-MOTION FOR SUMMARY JUDGMENT

1. Plaintiff, a pro se prisoner in the custody of the Middlesex Sheriff's Office, filed suit against Sheriff James V. DiPaola and five (5) other employees in their official capacities alleging a laundry list of purported constitutional and state law violations. See Complaint.[3]

2. Plaintiff's pro se complaint appears to assert an 8th Amendment lack of adequate medical/psychiatric and dental care claim along with several other conclusory claims challenging the "conditions of his confinement." See Complaint.

---

[2] See In Re: Longhorn Securities Litigation, 573 F. Supp. 278 (1983); Beecy v. Pucciarelli, 387 Mass. 589 (1982) and Jones v. Brockton Public Markets, Inc., 369 Mass. 387 (1983).

[3] Plaintiff also named the Billerica House of Correction Legal Dept. as a party defendant yet sued the attorneys (Attorney Lee Gartenberg and Attorney John Goggin) who comprise the Billerica Inmate Legal Services Dept.

3

3. Furthermore, Plaintiff's complaint appears to allege that Defendants denied him adequate access to the courts by seeing him only once per week; by refusing to photocopy documents for him; and by improperly reading his prison mail.

4. Plaintiff's complaint appears to assert a sexual harassment claim against some identified and unidentified female correctional officers for supposedly watching him while he showered in violation of his "privacy rights." See Complaint, paragraph # 31.

5. Finally, Plaintiff, relying on the purported racial makeup of the inmates at the Billerica House of Correction, apparently accuses the Defendants of not employing enough minorities and of not having enough African health care products for sale in the inmate canteen. See Complaint, paragraphs # # 29 & 30.

6. Defendants filed their answer to Plaintiff's complaint on February 10, 2005 asserting several defenses that are discussed extensively below.

## ARGUMENT

I. This Honorable Court lacks subject matter jurisdiction over Plaintiff's federal and state law constitutional claims because neither Sheriff DiPaola nor the other Sheriff's Office Defendants are "persons" subject to suit for constitutional violations in their official capacities

The Sheriff's Office Defendants are entitled to raise lack of subject matter jurisdiction as a defense at this stage because "[a] party has the right to raise subject matter jurisdiction at any time." See ROPT Limited Partnership v. Katin, 431 Mass. 601, 607 (2000) (subject matter jurisdiction cannot be conferred by consent, conduct or waiver). "Whenever it appears by suggestion of a party or otherwise that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action." See McCracken v. Sears, Roebuck & Co., 51 Mass. App. Ct. 184, 188 (2001). Dismissal is required because if a court lacks subject matter jurisdiction, the judgment is void and time limitations for raising the issue are inapplicable. ROPT Limited Partnership v. Katin, 431 Mass. at 605.

4

With the abolition of Middlesex County government by emergency legislation on July 11, 1997, the Middlesex Sheriff's Office became a state agency. See G. L. c. 34B, § 1, et seq. Accordingly, the Defendants state that this Court's exercise of subject matter jurisdiction over Plaintiff's § 1983 claim and all other state and federal constitutional claims found in the complaint is impermissible because the Sheriff and his employees sued in their official capacities are not "persons" amenable to suit for state and federal civil rights violations. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989) (a suit against a state official in his official capacity is not a suit against the official but rather is a suit against the official's office).

Plaintiff's constitutionally-based claims are barred against the Sheriff's Office Defendants under 42 U.S.C. § 1983 because a state is not a "person" which is subject to suit for state or federal civil rights violations, regardless of whether the suit is brought in federal or state court. Will v. Michigan Department of State Police, 491 U.S. at 66; see also Laubinger v. Dept. of Revenue, 41 Mass. App. Ct. 598 (1996) (state agency and state officials cannot be sued for damages in a § 1983 claim pursuant to the doctrine of sovereign immunity).

> II. To the extent Plaintiff alleges state law constitutional claims, those claims are also barred against the Sheriff's Office Defendants because they are not "persons" subject to suit for willful or intentional torts including civil rights violations

Likewise, under the Massachusetts Civil Rights Act ("MCRA"), the Sheriff of Middlesex County and public employees sued in their official capacities are not "persons" liable for the commission of willful, wanton torts and state civil rights violations. Commonwealth v. ELM Medical Laboratories, Inc., 33 Mass. App. Ct. 71,

5

76 (1992) (the Commonwealth is not a "person" for purposes of G. L. c. 12, §§ 11H and 11I).

As for Plaintiff's deliberate indifference claim and his other constitutionally-based claims, to the extent they sound in intentional tort, are barred against the Commonwealth pursuant to G. L. c. 258, § 10 (c). See Lafayette Place Associates v. Boston Redevelopment Authority, 427 Mass. 509, 528-535 (1998) (Section 10 (c) specifically excludes liability for intentional torts from the scope of Chapter 258).

### III.  Plaintiff failed to properly exhaust his administrative remedies pursuant to the Prison Litigation Reform Act

According to the Prison Litigation Reform Act ("PLRA") found in 42 U.S.C. 1997e(a), the federal statute imposes an exhaustion requirement on all prisoners seeking redress for prison circumstances or occurrences. See Porter v. Nussle, 122 S. Ct. 983, 986 (2002). "Exhaustion in cases covered by § 1997e(a) is now mandatory." Ibid. All of Plaintiff's purported claims fall under the PLRA because "conditions of confinement" are construed broadly to encompass general circumstances or particular episodes of prison life. Ibid at 992. The gravamen of Plaintiff's claims are his subjective criticisms that range from the general condition of the Billerica House of Correction to particular episodes of displeasure over the lack of product variety in the inmate canteen.

The Middlesex Sheriff's Office provided inmates including Plaintiff with an internal grievance system during the orientation process as set forth in the attached Inmate Handbook. See Sheriff's Office Inmate Handbook. Plaintiff cannot deny that he received the Inmate Handbook because part of the Defendants' orientation process included providing the Inmate Handbook to all new inmates. In fact, Plaintiff acknowledged in writing that he received the "Orientation Package." See Personal &

Issued Property Receipt Form. In Section 16 of the Inmate Handbook, inmates were entitled to bring legitimate complaints to the institution's attention by filling out a Grievance Form. See Inmate Handbook, page 12.

Pursuant to the inmate grievance policy, if the Institutional Grievance Coordinator ("IGC") denied the inmate's grievance, inmates were afforded another opportunity to appeal the IGC's decision to the Assistant Superintendent. In the matter *sub judice*, it appears that Plaintiff filed a multitude of grievances at the IGC stage that ranged from him seeking more time with the attorneys assigned to the Inmate Legal Services Department to petitioning the Defendants for expedited photocopying of his legal papers. See Plaintiff's Grievance History. Yet nowhere in the complaint, in the attachments to the complaint or in Plaintiff's institutional records did Plaintiff demonstrate that he fully exhausted his "available" administrative remedies by appealing what he deemed to be unfavorable decisions of the IGC to the Assistant Superintendent. See Porter v. Nussle, 122 S. Ct. at 988.[4]

Therefore, all of Plaintiff's claims challenging his conditions of confinement including access to the courts are barred under the PLRA even if such conditions were not covered by the inmate grievance procedure. Ibid.

    IV.    <u>Plaintiff's claims alleging lack of access to the courts are meritless because Plaintiff received more legal assistance from the Defendants than was constitutionally mandated</u>

Plaintiff baldly asserts that he was deprived of appropriate access to the courts through an inadequate law library and supposedly infrequent legal assistance from the

---

[4] Even when prisoner seeks relief not available in grievance proceedings including money damages exhaustion is still required for all actions brought with respect to prison condition under § 1983 or any other federal law.

7

attorneys assigned to the Billerica Inmate Legal Services Department. These claims lack merit. "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Lewis v. Casey, 518 U.S. 343, 346 (1996).

States, however, are not required to guarantee inmates the wherewithal to transform themselves into litigating engines. Jiles v. Department of Correction, et al., 55 Mass. App. Ct. 658, 662 (2002) (access to courts only requires reasonable assistance for inmates to attack their sentences directly or collaterally and to challenge the conditions of their confinement). Plaintiff has received constitutionally appropriate legal assistance that exceeded the requirements set forth in Bounds v. Smith, 430 U. S. 817 (1977).

*Bounds* did not create an abstract, freestanding right to a law library or legal assistance so an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. Lewis v. Casey, 518 U.S. at 351. All that is required of Defendants is to provide a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts. Ibid.

To survive Defendants' cross-motion for summary judgment, Plaintiff must show that these alleged shortcomings in the library or in the legal assistance program hindered his efforts to pursue a legal claim. Lewis v. Casey, 518 U.S. at 351. He cannot make that required showing. According to the affidavit testimony of Attorneys Lee Gartenberg and John Goggin, Plaintiff was provided with extensive legal assistance on an almost weekly basis including legal research, legal advice, notarial services, telephone calls, faxes,

Internet searches, postal services and materials and copious photocopying. See Gartenberg & Goggin Affidavits.

A powerful testament to Defendants' provision of constitutionally adequate legal assistance to Plaintiff can be inferred from the sheer level of activity reflected in the dockets pertaining to Plaintiff's pending criminal case and in his recently disposed of civil matter. See Suffolk Superior Court Dockets 03-10726 and 03-5013. Defendant Sgt. Flynn, who oversaw the Training Center in which the Inmate Legal Services Department was housed, did nothing more than assist the attorneys in providing Plaintiff with photocopies of his legal pleadings. He also ensured that Plaintiff did not monopolize the attorneys time so that other deserving inmates would not be deprived of legal assistance. Furthermore, Sgt. Flynn's actions helped to control the "climate" of the institution by ensuring that inmates were being helped as much as possible. In return for simply doing his job, Sgt. Flynn was sued by the Plaintiff.

Not counting the present federal complaint that Plaintiff was able to file without much difficulty, criminal docket 03-10726 contains **441 entries** and evidences numerous motions that Defendant Billerica Inmate Legal Services assisted Plaintiff in filing or serving upon the proper parties or courts. As for civil docket 03-5013, that contained **76 entries** of which there was a motion for summary judgment filed by Plaintiff, motions for joinder, appointment of counsel, and various oppositions to motions filed by the civil defendants in that case.

Clearly, even if Plaintiff contends that Defendants supposedly impeded his right to access, the objective record belies his argument. The docket sheets demonstrate that Plaintiff was not deprived or hindered in his ability to file vexatious pleadings.

Incidentally, Plaintiff has apparently ignored the fact that he is an inmate confined to a penal institutional. Such confinement is restrictive by nature.

Plaintiff's subjective displeasure over his restrictive environment, however, fails to state a claim. The Constitution does not create a right to stainless steel facilities or spotless odor-free cells. See Sabree v. Conley, 815 N.E. 2d. 280, 285 (2004); see also Jiles v. Department of Correction, et al., 55 Mass. App. Ct. at 664 (lack of a perfect setting does not deny the inmate right to access of pursuing legal challenges in the courts).

Plaintiff's claims of lack of access to the courts against Sgt. Flynn, Lee Gartenberg and John Goggin are baseless and must be dismissed with prejudice.

> V. Plaintiff's negligence claims must be dismissed pursuant to the provisions of G. L. c. 258 because Plaintiff failed to sue the Defendants' public employer, failed to properly present his negligence claims to the executive officer for the public employer and in so doing implicated Defendants' discretionary immunity

In so far as Plaintiff's complaint alleges negligence claims, those claims must be dismissed for failure to comply with G. L. c. 258, §§ 2, 4 and 10 (b). With respect to the Defendants' § 2 argument, Plaintiff sued public officials (Sheriff DiPaola) and public employees acting within the scope of their employment. Thus § 2 of the Massachusetts Torts Claims Act ("MTCA") barred the claims lodged against them. See Pruner v. Clerk of the Superior Court, 382 Mass. 309, 313 (1981) (only the public employer is subject to suit so the public employee or public official retains complete immunity from any liability for acts of negligence committed within the scope of his/her employment).

Plaintiff's complaint must also be dismissed because he failed to present his negligence claims to the proper executive officer for the Middlesex Sheriff's Office

10

before filing suit against the Defendants. See G. L. c. 258, § 4. Plaintiff had to have served his presentment letter upon the Massachusetts Attorney General before he filed this action because presentment is a statutory condition precedent to recovery under Chapter 258. Vasys v. Metropolitan Dist. Comm., 387 Mass. 51, 55 (1982).

To the extent Plaintiff argues lack of sanitary conditions in his cell, poor ventilation, unsafe fire codes, et cetera, Defendants are qualifiedly immune from liability pursuant to G. L. c. 258, § 10 (b) (discretionary function). Furthermore, many of the identified conditions are beyond the purview of the officials named in Plaintiff's suit. The Defendants did not have the authority to enforce state fire regulations or town bylaws/ordinances with respect to water and air quality. Furthermore, Plaintiff does not have sufficient standing to challenge the implementation or lack thereof of such regulations because §10(b) covers discretionary acts even if that discretion is abused. See G. L. c. 258, § 10 (b).

Plaintiff's complaint seems to upbraid the Defendants for failing to expend public funds to alleviate his *subjective* dissatisfaction with the condition of the prison. Unfortunately, the issue of budget appropriations for the Middlesex Sheriff's Office is exclusively consigned to the Massachusetts General Court. Furthermore, the Billerica House of Correction is owned by the Commonwealth of Massachusetts, not the Middlesex Sheriff. In order to repair or renovate state facilities, the Division of Capital Asset Management must be in agreement.[5]

---

[5] The Division of Capital Asset Management is extensively involved with the ongoing modernization project at the Billerica House of Correction.

11

Thus, Plaintiff's purported negligence claims must be dismissed for failure to state claims due to Plaintiff's failure to adhere to the provisions of Chapter 258 and pursuant to state law immunity principles.

VI. <u>Plaintiff's sexual harassment and racial discrimination claims must be dismissed pursuant to G. L. c. 151B, § 5 for failure to present them to the State's Commission Against Discrimination ("MCAD")</u>

Before a plaintiff may file a complaint alleging discrimination, he must comply with specific statutory mandates requiring referral in the first instance of his complaint to MCAD within six (6) months of the occurrence of the discriminatory event(s). See <u>Tardanico v. Aetna Life & Casualty Co.</u>, 41 Mass. App. Ct. 443 (1996). Plaintiff has alleged sex discrimination based on female corrections officers supposedly "viewing" him while he showered. Defendants categorically deny that such conduct occurred but argue that there is no **absolute** constitutional right to privacy while incarcerated. See <u>Cookish v. Powell</u>, 945 F.2d 441, 446-47 (1st Cir.1991) (presence of a female officer during strip search would not violate privacy rights of an inmate during times of emergency).

The courts should not second guess prison administrators when it comes to safety and security within the prison environment. See <u>Wolfish v. Bell</u>, 410 U.S. 520, 545 (1979). "A detention facility is fraught with serious security dangers" and those dangers are best dealt with by those charged with the responsibility of maintaining the security and order. <u>Ibid</u>. at 549.

Any viewing of the strip search by others would, at most, be brief and inadvertent. See <u>Cookish v. Powell</u>, 945 F.2d at 447 (inadvertent, occasional or casual observation of an inmate being strip searched does not rise to the level of a constitutional infringement).

In terms of burden of proof, Plaintiff complaint does not involve allegations of strip searches. He has no evidence forthcoming to establish that these supposed "viewings" by female officers were anything "more than 'inadvertent, casual and/or restricted'" or that his desires to bath without supervision outweighed the prison's ever-present concern for security. See Sabree v. Conley, 815 N.E. 2d. at 283-284.

As for claims of racial discrimination for not employing enough minority employees or carrying certain products in the inmate canteen, those claims are groundless. Plaintiff has not alleged that he has suffered personal harm except being limited in his choices of personal care products from the canteen or being unhappy about the supposed lack of congruity between the racial composition of the inmate population and employees of the Middlesex Sheriff's Office. Defendants have no control over this.

Plaintiff's complaint must be dismissed pursuant to the authorities cited above.

VII.  Plaintiff's claims of inadequate medical, psychiatric and dental care must be referred to a medical malpractice tribunal

Pursuant to G. L. c. 231, § 60B, "[e]very action for malpractice, error or mistake against a provider of health or health care shall be heard by a tribunal consisting of a single justice of the superior court, a physician licensed to practice medicine...and an attorney authorized to practice law." See G. L. c. 231, § 60B.

A provider of health care is a "person, corporation, facility or institution licensed by the Commonwealth to provide health care or professional services as a physician, hospital, clinical or nursing home, dentist, registered or licensed nurse, optometrist, podiatrist, chiropractor, physical therapist, psychologist, or acupuncturist, or an officer, employee or agent thereof acting in the course and scope of his employment." Ibid.

The House of Correction Infirmary is authorized by the Commonwealth to provide health care services to inmates through its health staff. The tribunal would determine whether the evidence presented, if properly substantiated, was sufficient to raise a legitimate question of liability appropriate for judicial inquiry or whether the Plaintiff's case is merely an unfortunate medical result. Section 60B was adopted "to discourage frivolous claims whose defense would tend to increase premium charges for medical malpractice insurance." Austin v. Boston University Hospital, 372 Mass. 654, 660 (1977).

Without exception, "all treatment-related claims are to be screened by the tribunal." Champagne v. Massachusetts Nurses Ass'n, et al., 403 Mass. 754, 756 (1989); Little v. Rosenthal, 376 Mass. 573, 576 (1978). To the extent that Plaintiff's claims are treatment-related, the Defendants respectfully request that they be referred to a medical tribunal. It should be noted that Plaintiff does not object to what he termed a "health care tribunal as fact finding committee." See Plaintiff's Motion For An order That A Health Care (Tribunal) Has A Fact Finding Committee.

VIII. Plaintiff's claims against Officer Thurman Hall must be dismissed because Officer Hall followed departmental procedures which authorized the opening of all correspondence even privileged letters for security purposes

"The legitimate governmental interest in the order and security of penal institutions justifies the imposition of certain restraints on inmate correspondence." See Procunier v. Martinez, 416 U.S. 396, 412-413 (1974). Middlesex Policy and Procedure 481 (**Incoming Mail**) governs the receipt and distribution of inmate mail at the Cambridge Jail and the House of Correction. The prerogative of Policy 481 is "to facilitate the collection, handling and distribution of inmate mail imposing minimal delay

and interruption of correspondence *only as necessary to ensure that such correspondence does not jeopardize public safety or the security interests of the facilities.*" See Policy 481, section .03 (Emphasis supplied). Section .06 authorizes appropriate personnel to open all incoming mail including privileged correspondence to check it for contraband.

Officer Hall, who worked in the Billerica mailroom, categorically denies that he "intentionally" or "consciously" read Plaintiff's mail as alleged in the complaint. See Affidavit of Officer Hall. Officer Hall did, however, testify in his affidavit that he opened Plaintiff's privileged mail in Plaintiff's presence and inspected the correspondence for contraband. Once his visual inspection was complete, Officer Hall handed Plaintiff his mail.[6]

Plaintiff's complaint conclusorily states that the opening of his incoming mail was an illegal "violative inspection." See Plaintiff's Amendment of the Complaint, page 2. Yet Plaintiff points to nothing that Officer Hall did that was inconsistent with his job duties as Mail Room Officer or conflicted with departmental policies. Plaintiff certainly does not contest that Officer Hall was authorized by the Department to handle inmate mail. Plaintiff also failed to state a claim as to how Officer Hall's conduct was criminal in nature. He also failed to identify which "Federal mail" mandates Officer Hall supposedly violated. Officer Hall's inspection of Plaintiff's incoming mail was both minimal in degree and certainly mandated by safety considerations. It appears that Plaintiff disliked the opening of his mail. Accordingly, Plaintiff fails to state a claim against Officer Hall.

---

[6] See Officer Hall Affidavit, paragraph # 4.

Based on the foregoing reasons, Officer Hall respectfully requests that Plaintiff's complaint be dismissed with prejudice.

IX. <u>Defendants move for any further relief that the Court may deem just pursuant to 28 U.S.C. § 1915A(b) (1)[7]</u>

A suit by a prisoner against state officials falls within the ambit of § 1915A. See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998). Plaintiff's complaint is subject to § 1915A. Therefore, Defendants respectfully request that in addition to the sundry defenses raised above, the Court grant any additional relief it finds necessary to protect the interests of the Sheriff's Office Defendants including precluding all claims for monetary relief against the Defendants who are immune from damage awards in their official capacities. See 28 U.S.C. § 1915A (b)(2); see also Plunk v. Givens, 234 F. 3d 1128, 1129 (10th Cir. 2000).

Furthermore, in Defendants' answer, Defendants moved pursuant to F. R. Civ. P 8 and 12 (f) to strike various allegations in Plaintiff's complaint that were impertinent, unintelligible or malicious in nature.[8] Defendants pray for further relief pursuant to § 1915A.

**WHEREFORE**, based on the foregoing arguments and authorities, the Sheriff's Office Defendants respectfully request that Plaintiff's complaint be dismissed with prejudice.

---

[7] Grounds for dismissal –On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A in pertinent part.

Respectfully submitted,
Sheriff's Office Defendants,
By their attorney,

Steven J. Masse, Jr. – BBO # 635157
Middlesex Sheriff's Office, Legal Counsel
40 Thorndike Street, 17th Floor
Cambridge, MA 02141
Dated: 3/3/05    (617) 494-4400

## CERTIFICATE OF SERVICE

I, Steven J. Masse, Jr., hereby certify that I have served true copies of Defendants' Opposition and Cross-Motion for Summary Judgment along with attachments to Plaintiff pro se, Inmate Eric Kelley, 269 Treble Cove Rd., Billerica, MA 01862 by first class mail.

---

[8] "...Upon motion made by a party within 20 days after service of the pleading upon the party or upon the court's initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." F. R. Civ. P 12 (f) in pertinent part.