## Affidavit of Eric Kelley

1) I started a 2 year sentence on/about August 14th, 2003.

2) I completed the sentence on March 31st, 2005

3) I was entitled to 12 1/2 days deduction w/o any work or program participation pursuant to Judge Brady's overcrowding ruling of October 1993.

4) I only got 5 months reduction rather then aprox. 1 year.

5) I was unlawfully restrained for aprox 7 months.

Truthfully Deposed

Eric Kelley (Pro se)

4/14/05

Partial Summary Judgement Request.

## Relief Requested

1) Compensatory. $500.00 (five Hundred a day)

2) Punative $500.00 a day. (five Hundred)

Total $1000.00 Per day (One Thousand Per day)

Two Hundred & Ten Thousand Dollars.

Eric Kelley (Pro se)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                  SUPERIOR COURT
                                                CIVIL ACTION
                                                NO. 89-1519

THOMAS DOYLE and HOWARD REDMAND,
                    Plaintiffs,

vs.

JOHN P. McGONIGLE, Individually and as
   Sheriff of Middlesex County Jail and
   House of Correction, et al.,[1]
                    Defendants.


*related to Partial Judgement Motion

FINDINGS, RULINGS AND ORDER
ON PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION

I.   INTRODUCTION

On March 24, 1989, two inmates of the Middlesex County House of Correction on behalf of themselves and others similarly situated brought this class action seeking to ameliorate the conditions of their confinement alleged to be in violation of their rights under the Fifth and Eighth Amendments to the United States Constitution and of Part 1, Article 26 of the Massachusetts Constitution. Plaintiffs also seek a declaration that various conditions at the House of Correction violate the equal protection clause contained in the Fourteenth Amendment to the United States Constitution. Shortly thereafter, an amended complaint was filed (March 24, 1989)

---

[1] Michael V. Fair, County of Middlesex, Thomas J. Larkin, Bill Schmidt and Michael J. McLaughlin.

- 4 -

shall take meals separately from committed inmates or meals may be provided to them, as the Sheriff may direct;

d. No inmates shall be placed in any portion of the House of Correction which is not designed to house inmates, including corridors, gymnasium, stairwells, toilet or shower rooms or day rooms;

e. No inmates shall be locked in double bunked cells without their consent for more than eight consecutive hours and only between the hours of 6:00 p.m. and 7:00 a.m.;

f. The population of the dormitory building shall not exceed 75 inmates;

g. Notwithstanding G.L. c.279, §15, the Sheriff shall not accept inmates sentenced to Middlesex County House of Correction as a result of convictions in courts outside of Middlesex County, except with his consent and by way of administrative transfer;

h. Notwithstanding G.L. c.127, §129D, the Sheriff may grant a further deduction of sentences in excess of 7 1/2 days per month to inmates for participation in rehabilitative programs and activities;

i. In the event that the Sheriff elects not to incarcerate pre-trial detainees at the House of Correction, and only in that event, the inmate population of the Billerica House of Correction shall never exceed 835 inmates until further order of this Court; however, if the Sheriff elects to incarcerate pre-trial detainees at the House of

-5-

Correction, the inmate population shall never exceed 785  inmates until further order of the court;

j. The sheriff will continue to use his best efforts to enlarge the use of the day reporting program;

k. In the event that all other methods to reduce the inmate population are exhausted and the Sheriff, is unable to meet the ceilings set forth above, and subject to the conditions set forth above, the Sheriff shall award certain sentenced offenders at the House of Correction ten (10) days credit towards the reduction of their sentences; this award shall continue prisoner by prisoner, in sequence, until the population level is achieved. If the specified cap has still not been achieved after a first round of credits, the Sheriff shall award an additional series of five (5) day credits in the same order until the specified level is achieved. The award of credits to sentenced offenders shall not exceed two-thirds of the sentence ordered to be served by the Trial Court of the Commonwealth. In no event shall credits be awarded under this Order to offenders sentenced to the House of Correction for convictions of crimes which carry a mandatory sentence or for trafficking in Class A or Class B substances. Further, no person whom the Sheriff has determined to be a danger to a particular person or to the public shall be awarded credits pursuant to this Order. Prior to the release of a sentenced offender under this Order, the Sheriff shall notify the Middlesex County



-7-

13. This Court specifically retains jurisdiction over this matter to insure compliance and to issue additional orders as may be required in the interests of justice.

IT IS SO ORDERED.

_____
PATRICK F. BRADY, Justice
Commonwealth of Massachusetts
Superior Court

| PLAINTIFFS | DEFENDANT |
|---|---|
| | Middlesex County Sheriff |
| By their attorneys, | By his attorney, |
| _____ | _____ |
| Kenneth J. DeMoura | Richard L. Barry, Jr. |
| BBO #548910 | 265 Medford Street, Suite 402 |
| BINGHAM, DANA & GOULD | Somerville, MA 02143 |
| 150 Federal Street | (617) 776-2211 |
| Boston, MA 02110 | |
| (617) 951-8000 | |
| DEFENDANT | DEFENDANT |
| Massachusetts Commissioner of Corrections | Middlesex County Commissioners |
| _____ | _____ |
| Michael Cohen | Charles Boyle, Esq. |
| Department of Corrections | Middlesex County Legal Counsel |
| 100 Cambridge Street | 40 Thorndike Street |
| Boston, MA 02202 | Cambridge, MA 02141 |
| (617) 727-3309 | (617) 494-4000 |

DATE: 1 Oct 1993