Exhibit 8

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
#### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | |
|---|---|---|---|---|
| **Name** | KELLEY ERIC | **Grievance#** 9935 | **Institution** | OLD COLONY CORRECTIONAL CENTER |
| **Commit No.** | A93317 | **Housing** SEGREGATION UNIT | **Date Of Incident** 20050420 | **Date Of Grievance** 20050425 |

**Complaint:** from nahual st. jail, to concord, and now at OCCC I've been placed in segregation absent a disciplinary hearing or sanctions. During all that time (3 weeks) I have not obtained a P.I.N. # to call any lawyer(s) I finally received a form at OCCC and was denied the number of attornies I could call  I was told I was limited to 5 lawyers numbers.  I requested 11 and all the lawyers have a significant role in my legal matters.  What policy limits # of lawyers an inmate can call???

**Remedy Requested:** 8 direct attorney call until I get a approved P.I.N. # and approval of All lawyers.

**Staff Recipient:** McKenzie Amanda   CO I   /s/ Amy

**Staff Involved:**

**Signature:**

---

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050425   **Decision Date**

**Signature**

**Final Decision**

**Decision**

**Signature** _____ **Date** _____

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

### INMATE RECEIPT

| | | | | |
|---|---|---|---|---|
| **Name** | KELLEY ERIC | | **Institution** | OLD COLONY CORRECTIONAL CENTER |
| **Commit No.** | A93317 | **Grievance#** 9935 | **Date Received** | 20050425 |
| **Signature.** | McKenzie Amanda   CO I   /s/ Amy | | | |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
1st. CIRCUIT

EX. 9

*[handwritten note top right:]* This document got me sent to the states "infamous" highest security

ERIC KELLEY (PLAINTIFF)

PLAINTIFFS MOTION FOR A JOINDER PETITIONER.

v.

CASE NUMBER: C.A. No. 04-11192-NMG

SHERIFF DIPOALA (DEFENDANT)
            et, al.

AND OTHERS MENTIONED

Now Comes, The plaintiff pursuant to M.R.CIV.P. 18(a) & (b).

_____ is a simularly situated individual with likened claims and grounds. To expediate the judicial process and save tax-payers expenditures on seperate trials, _____ respectfully requests to move as a joinder. In support is a affidavit, Civil Cover Sheet and Indigency request (Account Readout).

No inconveience can result from this joinder. The joinder moves pursuant to " The New Federal Rules, 45 W.Va.L.Q. 5, 13 (1938); See Clark Code Pleading 58 (2d. ed. 1947)  Rule 42(b) 20,21.

Joinder Signatures:

Plaintiffs Affidavit; I, Eric Kelley swear that I showed this document to Supt. Russo and was then placed in disciplinary segregation then the next day transferred to the states "infamous" maxium security Penitenary. absent any disciplinary process. Truthfully Eric Kelley 5/9/05

prison, because decision to retain jurisdiction is entirely that of judge. M.G.L.A. c. 263, § 4.

John P. Osler, Boston, for plaintiff.

James Remeika, Boston, for defendants.

Before HENNESSEY, C.J., and LIACOS, ABRAMS, LYNCH and O'CONNOR, JJ.

ABRAMS, Justice.

We hold that a Superior Court judge correctly declared that art. 12 of the Massachusetts Declaration of Rights "prohibits *1060 confinement in the state prison at Walpole of the plaintiff, a prisoner who has not been indicted and who has not waived indictment." (FN2) Thus, the Commissioner of Correction[394 Mass. 90] (commissioner) could not transfer an unindicted prisoner to MCI Walpole, pursuant to G.L. c. 127, § 97. (FN3) On appeal, the commissioner asks us to overrule that portion of *Jones v. Robbins*, 8 Gray 329 (1857), which holds that a person may not be sentenced to the State prison unless that person has been indicted by a grand jury. The commissioner urges us to hold that he may transfer any sentenced prisoner to the State prison pursuant to G.L. c. 127, § 97, even if the prisoner's conviction is based on a complaint. We decline to depart from the rule of *Jones v. Robbins, supra*.

There is no dispute as to the material facts. On July 23, 1981, after pleading guilty in the District Court to four complaints of breaking and entering, larceny, and possession of burglarious instruments, the plaintiff was sentenced to four concurrent indefinite terms at the Massachusetts Correctional Institution, Concord. See G.L. c. 279, § 31. The plaintiff was never indicted for those offenses. He remained at MCI Concord for about three months, whereupon he was transferred to MCI Walpole as a "serious safety and security threat." (FN4) See G.L. c. 127, § 97. Except for a brief transfer to the Southeastern Correctional Center at Bridgewater in early 1982, the plaintiff[394 Mass. 91] was housed at MCI Walpole until his release on parole on October 31, 1983. (FN5)

[1] The plaintiff began the instant action seeking monetary and injunctive relief in the Superior Court on November 12, 1982. He claimed that his physical confinement at MCI Walpole violated his right, guaranteed by art. 12 of the Massachusetts Declaration of Rights, to be free of "infamous punishment" except on an indictment. A judge denied the plaintiff's motion for a temporary restraining order, and the plaintiff's subsequent motion for a preliminary injunction was denied on December 22, 1982. A single justice of the Appeals Court denied the plaintiff's petition for relief ( G.L. c. 231, § 118), on February 14, 1983. The parties filed cross motions for summary judgment, and on September 19, 1983, a judge of the Superior Court granted partial summary judgment for the plaintiff. The judge ruled that G.L. c. 127, § 97, "insofar as it authorizes the defendant [commissioner] administratively to transfer an inmate serving a Concord sentence to Walpole, is unconstitutional if the inmate was not indicted and did not waive indictment." The plaintiff amended his complaint, on December 22, 1983, striking his demands for injunctive and monetary relief and substituting a prayer for declaratory relief. Final judgment was entered on January *1061 12, 1984. (FN6) The commissioner appealed. Both parties filed applications for direct appellate review. We granted their applications. We affirm.

The plaintiff appropriately relies on this court's decision in *Jones v. Robbins*, 8 Gray 329 (1857), for his proposition that "it has been black-letter law since 1857 that article 12 prohibits [394 Mass. 92] punishment in the state prison of a person who has not been afforded the right to indictment or presentment by a grand jury." Indeed, the *Jones* court's explication of art. 12 of the Declaration of Rights led it "to a strong conclusion of the general understanding of the legislators and jurists of Massachusetts, that punishment in the state prison is an infamous punishment, and cannot be imposed without both indictment and trial by jury." *Id.* at 349. That conclusion has been reaffirmed in recent years. See *Lataille v. District Court of Eastern Hampden*, 366 Mass. 525, 531-532, 320 N.E.2d 877 (1974). See also Wilkins, Judicial Treatment of the Massachusetts Declaration of Rights in Relation to Cognate Provisions of the United States Constitution, 14 Suffolk U.L.Rev. 887, 924 n. 220 (1980). The plaintiff argues syllogistically that, if punishment in the State prison cannot be imposed without indictment under *Jones*, and if MCI Walpole is the "state prison," G.L. c. 125, § 1(*o* ), (FN7) see *Commonwealth v. Graham*, 388 Mass. 115, 123, 445 N.E.2d 1043 (1983), then his confinement without indictment at MCI Walpole was in violation of art. 12.

The commissioner contends that the *Jones* rule should be confined "to the rights and protections of an accused criminal defendant." He argues that such rights do not include that of "a state sentenced inmate not to be transferred to MCI Walpole at any time ... unless the

© 2005 Thomson/West. No claim to original U.S. Govt. works.