United States District Court
District of Massachusetts

| | |
|---|---|
| ERIC KELLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHERIFF DIPAOLA, et al., ) <br> ) <br> Defendants. ) | Civil Action No. <br> 04-11192-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

In the instant civil rights action, brought pursuant to 42 U.S.C. § 1983, Eric Kelley ("Kelley") challenges the conditions of his incarceration in a state correctional facility. Kelley has filed seven motions for injunctive relief and two motions to compel discovery. Both parties have moved for summary judgment.

I. **Factual Background**

Kelley, appearing pro se, is a prisoner in the custody of the Middlesex Sheriff's Office and is housed at the Middlesex County House of Correction in Billerica ("Billerica"). On May 27, 2004, Kelley filed a complaint alleging violations of 42 U.S.C. § 1983 against a number of parties having various associations with Billerica: Sheriff James V. DiPaola ("Sheriff DiPaola"), Superintendent Paul E. Norton ("Superintendent

-1-

Norton"), the Billerica House of Correction Legal Department ("the Billerica Legal Department"), the Commissioner of the Massachusetts Board of Health, the Commissioner of Public Safety and the Billerica House of Correction Board of Health. On August 19, 2004, Kelley filed an amendment to the complaint adding Corrections Officer, Thurman Hall ("Officer Hall"), Attorney Lee Gartenberg ("Attorney Gartenberg"), Attorney John Goggin ("Attorney Goggin") and Sergeant, Joseph Flynn (presumably a ranking Corrections Officer, "Sergeant Flynn") as defendants.

Although the complaint is somewhat disjointed, Kelley asserts a number of challenges to the conditions of his confinement. The majority of his complaint is addressed to the condition of the facility and, in particular, he alleges that his cell, the water, the toilets, the heating system and the medical facilities are all constitutionally inadequate. Kelley also claims he has received inadequate medical care and has had insufficient access to doctors and dentists.

In addition, Kelly alleges that he was denied adequate legal assistance by the Billerica Legal Department and, in particular, by Sergeant Flynn and Attorneys Goggin and Gertenberg. He accuses those defendants of breaching his "confidentiality" with respect to pending legal matters, failing adequately to stock the legal library and denying him access to a particular paralegal who works at the facility. He contends that Officer Hall has

been improperly opening and reading his "privileged" legal mail.

Kelley also makes allegations of racial discrimination, apparently premised upon the fact that there are few minority employees at Billerica, and sexual harassment based upon the allegation that a female guard (who is not named as a defendant) is regularly allowed to watch him shower. It is unclear which of the defendants he seeks to hold responsible for that alleged harassment.

On January 7, 2005, this Court entered a Memorandum and Order, pursuant to 42 U.S.C. § 1997e(c), stating that several of the defendants appeared to be immune from suit under the Eleventh Amendment (sovereign immunity) and inviting a response from the plaintiff ("the Show Cause Memorandum"). Specifically, the Court noted that 1) the Commissioner of Public Safety, the Commissioner of the Massachusetts Department of Public Health and the Billerica Legal Department are Massachusetts state entities and, as such, are not subject to suit under § 1983, and 2) that plaintiff's claim against the Billerica Board of Health appeared to be flawed because it seeks to hold the Board vicariously liable in its supervisory capacity, notwithstanding the fact that § 1983 does not support claims based upon vicarious liability. After noting those infirmities, the Court held that the case would be dismissed with respect to those defendants if the plaintiff failed to demonstrate good cause why it should not be.

The plaintiff responded over the next several months by filing a multitude of motions seeking various forms of injunctive relief, including:

1) an order to enjoin the defendants from opening his "legal mail",

2) an order to compel discovery concerning Billerica's water supply,

3) an order requiring the defendants to provide adequate recreation time to the plaintiff and to other prisoners,

4) an order requiring the defendants to "copy his legal pleadings" to the Court,

5) an order to compel discovery concerning various aspects of Billerica's facility procedures,

6) an order to compel the Billerica Legal Department to provide him with additional assistance,

7) a request for a "view" of the facility by the Court,

8) an order to convene a medical tribunal to assess his condition,

9) an order to enjoin the defendants from transferring him to another facility,

10) an order "to condemn" the Billerica House of Correction and

11) an order enjoining the state from placing inmates at the Billerica House of Correction.

On February 18, 2005, Kelley filed a one-page Motion for Summary Judgment in which he challenged the adequacy of the defendant's answer to the complaint. Shortly thereafter, Sheriff DiPaola, Superintendent Norton, Officer Hall, Sergeant Flynn and Attorneys Gartenberg and Goggin filed a cross-motion for summary

judgment, arguing that suit is barred by the Eleventh Amendment. Kelley did not file an opposition to defendants' motion but did submit a copy of King v. Higgins, 702 F.2d 18 (1st Cir. 1983) and asserted that it "refutes the defendants [sic] entire opposition for Summary Judgment".[1]

## II. Legal Analysis

### A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991)(quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of material fact exists where the evidence with respect to the

---

[1] King is unresponsive to defendants' motion for summary judgment because it discusses qualified, rather than sovereign, immunity.

material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

### B. Claims Addressed in the Show Cause Memorandum

As discussed in the Show Cause Memorandum, states and their governmental departments, agencies and officers are not "persons" for purposes of § 1983 and are, therefore, immune from suit. Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002). Accordingly, the Court noted that plaintiff's claims against the Commissioner of Public Safety, the Commissioner of the Massachusetts Department of Public Health and the Billerica Legal Department were deficient and invited a response.

Although plaintiff has filed 19 motions and several memoranda since the time the issue was raised, he has failed to

address the Court's concern. Thus, the Commissioner of Public Safety, the Commissioner of the Massachusetts Department of Public Health and the Middlesex County House of Correction (Billerica) Legal Department will be dismissed from the case.

Likewise, plaintiff has failed to respond to this Court's observation that the Billerica House of Correction Board of Health cannot be held liable based upon supervisory or vicarious liability under § 1983. Although the plaintiff has filed a reply which mentions the Board, it contains only a disjointed legal discussion establishing that "local governing bodies . . . can be sued directly under § 1983". Plaintiff's statement of law is correct but he has failed to demonstrate its application to this case. He does not explain which facts could potentially give rise to direct liability on the part of the Billerica House of Correction Board of Health and the record contains none. Accordingly, the Board will be dismissed from this case.

### C.  The Other Defendants

The complaint also names Sheriff DiPaola, Superintendent Norton, Officer Hall, Attorneys Gartenberg and Goggin and Sergeant Flynn (collectively "the employee defendants") as defendants. None of the plaintiff's filings specify whether he seeks to hold them liable in their official or individual capacities. The Court considers both possibilities.

1.  **Liability in Defendants' Official Capacities**

On July 11, 1997, the government of Middlesex County was abolished and the Middlesex Sheriff's Office became a state agency. M.G.L. c. 34B §§ 1 et seq. Thus, the employee defendants are "state officials" and are not subject to suit under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989)("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [a]s such, it is no different from a suit against the State itself"). Accordingly, the complaint will be dismissed to the extent that it names the employee defendants in their official capacities.

2.  **Liability in Defendants' Individual Capacities**

State officials can, under proper circumstances, be held liable under § 1983 in their individual capacities. See Broner v. Flynn, 311 F.Supp.2d 227, 234 (D.Mass. 2004). Read generously, the complaint alleges that Officer Hall, Attorneys Gartenberg and Goggin and Sergeant Flynn violated plaintiff's civil rights by hampering his access to courts through their respective involvements with the Billerica Legal Department. Those claims fail, however, because, in order to establish a claim based upon a denial of meaningful access to courts under § 1983, the claimant must show that he was prejudiced by that lack of access. Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993).

Kelley has made no such showing and, in any event, the voluminous docket in this case (plaintiff has filed 19 motions in the past several months) would tend to disprove lack of access. Accordingly, Officer Hall, Attorneys Gartenberg and Goggin and Sergeant Flynn are entitled to summary judgment.

The complaint states a claim against Officer Hall based upon the fact that he opened the plaintiff's legal mail. Officer Hall responds that he opened the mail in Kelley's presence and for the sole purpose of checking it for contraband. He adds that he did so pursuant to Billerica's written policy of screening prisoners' mail for security purposes. The Supreme Court has held such a procedure to be legitimate. Wolff v. McDonnell, 418 U.S. 539, 576 (1974) ("[r]equirement that mail from attorneys to prisoners be opened in the presence of the inmates, without being read by prison officials, does not infringe prisoners' . . . rights"). Accordingly, Officer Hall is entitled to summary judgment.

Finally, it appears that plaintiff seeks to hold Sheriff DiPaola and Superintendent Norton responsible for all of the Bellerica's alleged inadequacies, including the presence of "cruel and unusual conditions", discrimination and sexual harassment. Those allegations fail to state a claim for two reasons.

First, liability under § 1983 "cannot be established on a basis of respondeat superior." Broner, 311 F.Supp.2d at 234

(emphasis in original). Rather, "a supervisor may be found liable only on the basis of his own acts or omissions". Id. The complaint refers generally to the "defendants" without specifying for which acts or omissions Sheriff DiPaola and Superintendent Norton are allegedly responsible. Indeed, aside from their inclusion under the title "parties" on the first page of the complaint, their names are not even mentioned. Thus, plaintiff has provided no facts (or evidence) upon which Sheriff DiPaola and Superintendent Norton could be held directly liable for any of the conditions of which plaintiff has complained and they are entitled to summary judgment.

Second, to the extent Sheriff DiPaola and Superintendent Norton could otherwise be held responsible, plaintiff's claim is subject to dismissal because he has not exhausted his administrative remedies. The relevant statute states that:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Billerica provides inmates a two-stage process for adjudicating grievances and the plaintiff has not invoked the second step (filing an appeal) with respect to any of the conditions of which he complains. Accordingly, defendants' Motion for Summary Judgment will be allowed.

Plaintiff's Motion for Summary Judgment will be denied. His

subsequent barrage of other motions, which seek various forms of preliminary injunctive relief, will be denied because he cannot show a likelihood of success on the merits of his suit. Fed.R.Civ.P. 65; Lanier Professional Services, Inc. v. Ricci, 192 F.3d 1, 3 (1st Cir. 1999)(setting forth pre-requisites for preliminary injunction). Plaintiff's motions for discovery will be denied, as moot. Plaintiff's motions to add a long list of additional employees of the Billerica House of Correction as defendants will be denied because he has failed to allege legitimate causes of action against them. Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). (stating that a motion for leave to amend must be denied if the amendment would be futile).

### ORDER

In accordance with the foregoing, the Motion of Sheriff DiPaola, Superintendent Norton, Officer Hall, Attorneys Gartenberg and Goggin and Sergeant Flynn for Summary Judgment (Docket No. 28) is **ALLOWED**; plaintiff's Motions for Injunctive Relief (Docket Nos. 11, 18, 20, 23, 24, 27, 29, 30 and 39) are **DENIED**; plaintiff's Motions for Discovery (Docket Nos. 17, 21 and 41) are **DENIED**, as moot; plaintiff's Motions to add new defendants (Docket Nos. 34, 35 and 40) are **DENIED**; plaintiff's Motion to Commence Trial (Docket No. 42) is **DENIED**, as moot;

plaintiff's Motions for Summary Judgment (Docket Nos. 25 and 37) are **DENIED** and, because plaintiff has failed to show cause in accordance with this Court's Show Cause Order, dated January 7, 2005, this case is **DISMISSED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated July 13, 2005